FILED
2013 JUN -6 PM 3: 23
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY_____

Carolyn E. Wright (SBN 263960)
Leslie Burns (SBN 276687)
Law Office of Carolyn E. Wright, LLC
P.O. Box 430
Glenbrook, NV 89413
(213) 632-9871 (telephone)
(775) 580-7322 (facsimile)
Email: carolyn@photoattorney.com
Email: leslie@photoattorney.com

Attorneys for Defendant Brubaker

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CV13-04090 JFW (VBK(x))

| | |
|---|---|
| PILI MARCO BY AND THROUGH HER GUARIAN AD LITEM, TONY MARCO<br><br>Plaintiff,<br><br>vs.<br><br>DANI BRUBAKER, individually, and DOES 1-20, inclusive<br><br>Defendants. | Los Angeles Superior Court Case No. YCO68263<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441**<br><br>(Federal Question and Supplemental Jurisdiction)<br><br>BY FAX |

TO THE HONORABLE JUDGES OF THE DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF PILI MARCO, HER GUARDIAN AD LITEM TONY MARCO, AND HER ATTORNEYS OF RECORD:

Please take notice that, pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Deborah Danielle "Dani" Brubaker ("Defendant") hereby removes

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. 1441
- 1 -

the above-captioned action from the Superior Court of California, Los Angeles County to the United States District Court for the Central District of California. The grounds for removal are as follows:

    1.   The removed case is a civil action entitled: Pili Marco by and through her guardian ad litem Tony Marco v. Dani Brubaker and Does 1-20, filed on December 5, 2012 in the Superior Court of California, Los Angeles County and assigned Case No. YCO68263 ("State Action").

    2.   Defendant Brubaker, domiciled in and a resident of Los Angeles County, California, accepted service through her counsel, Carolyn E. Wright, on May 8, 2013, as evidenced by counsel's signature on form POS-015 included in the copies of all pleadings, papers, and orders filed in the case and attached as Exhibit A to this Notice of Removal. As this Notice of Removal is filed within thirty days of service of the Summons and Complaint on Defendant, removal is timely pursuant to 28 U.S.C. § 1446 (b) and Federal Rules of Civil Procedure 6(a).

    3.   As will be demonstrated below, the subject civil action necessarily arises under the Copyright Act, 17 U.S.C. §101 *et seq.*, particularly §§ 102, 106, and 301. Therefore, it is a case for which this Court has original jurisdiction under 28 U.S.C. § 1331 and this Court is the proper venue under 28 U.S.C. §1400(a).

    4.   Plaintiff's Complaint in the State Action ("Complaint") consists of five causes of action: (1) misappropriation of right of publicity/right of privacy under California Civil Code § 3344; (2) misappropriation of common law right of publicity; (3) rescission; (4) fraud; (5) breach of fiduciary duty. Plaintiff bases all her causes of action on factual allegations surrounding photographs taken by Defendant of Plaintiff. Complaint ¶¶ 1-13.

    5.   Because all of the causes of action in this matter are based on the same factual allegations, removal of all the causes of action in this matter is

appropriate as the Court has jurisdiction over them all under the doctrine of supplemental jurisdiction, as codified in 28 U.S.C. 1367(a), notably "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." *See City of Chicago v. International College of Surgeons,* 522 U.S. 156, 165 (1997) (explaining supplemental jurisdiction as applied in removal jurisdiction situations).

6. Specifically, Plaintiff alleges an ownership interest in the photographs at issue in the State Action through repeated references to "Plaintiff's photographs" (Complaint, ¶¶ 4, 8, 9, 13, 25, 26, 29-32, 39, 42), but Defendant Brubaker always has been the author and copyright owner of the photographs pursuant to 17 U.S.C. §201. Plaintiff acknowledges that "Defendant Brubaker began taking professional portrait photographs of Plaintiff . . . ." (Complaint at ¶ 7), yet Plaintiff makes claims to "damages for alleged copyright infringement" of some of those photographs (*id*. at ¶ 4) and complains that "Defendants did not ask for or receive Plaintiff's permission to use her images, likenesses, photographs . . . ." (*id*. at ¶ 8). Plaintiff also asserts ownership of the photographs, stating that "Plaintiff is informed and believes that Defendants used and continues to use Plaintiffs' photographs, images, likenesses . . . (collectively, "Plaintiffs' [sic] Rights") . . . ." *Id*. at ¶ 9.

7. Further, Plaintiff's Complaint includes prayers for injunctive relief barring Defendant from using the photographs at issue and requiring the "return" of all photographs to Plaintiff. *See,* Complaint ("Pursuant to this lawsuit, Plaintiff seeks . . . a preliminary and permanent injunction to stop all further use of Plaintiff's images, likenesses, photographs . . . , as well as a return of all images, likenesses and photographs" (*id*. at ¶ 13); "Plaintiff also

seeks . . . the return of all images, photographs and likenesses of Plaintiff" (*id*. at ¶ 18, 23); and, "WHEREFORE, Plaintiffs pray for . . . a return of all photographs, likenesses and images of Plaintiff" (*Id*. at Prayer ¶ 7)).

8. Plaintiff's counsel, Laurence Hall, admits that the State Action directly concerns copyright ownership of the photographs taken by Defendant Brubaker of Plaintiff:

> Brubaker has brought an alleged copyright infringement federal court action against a third party, a company owned by Plaintiff's uncle. The federal action has been stayed pending the outcome of this matter **given that the Plaintiff contends Brubaker has no legal right to the photographs she claims she owns of Plaintiff** and claims in federal court plaintiff's uncle has violated her copyright.

Declaration of Laurence C. Hall RE OSC RE Service of Defendant and Case Management Conference, filed on April 29, 2013, in the State Action, ¶ 7 (emphasis added), included in the attached Exhibit A.

9. The complete preemption doctrine under *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987) permits the Court to "re-characterize a state law claim . . . as an action arising under federal law" and "converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Id*. at 64-65.

10. Federal preemption under the Copyright Act in the 9th Circuit is subject to a two-part test under *Downing v. Abercrombie & Fitch*, 265 F.3d 994 (9th Cir. 2001), namely: "the content of the protected right must fall within the subject matter of copyright as described in 17 U.S.C. §§ 102 and 103" and "[s]econd, the right asserted under state law must be equivalent to the exclusive rights contained in section 106 of the Copyright Act." *Id.* at 1003. *See also Fleet v. CBS, Inc.,* 50 Cal.App.4th 1911 (1996). Specifically, preemption

occurs in a California statutory or common law right of publicity claim "where an actor or model with no copyright interest in the work seeks to prevent the exclusive copyright holder from displaying the copyrighted work." *KNB Enterprises, Inc. v. Matthews*, 78 Cal.App.4th 362, 374 (2000).  Here, Plaintiff has no copyright interest in the photographs but seeks to prevent the exclusive copyright holder from using them in any manner.

11. Section 301 of the Copyright Act provides, in part, that:

> [A]ll legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103, whether created before or after that date and whether published or unpublished, are governed exclusively by this title. Thereafter, no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State.

17 U.S.C. §301. Section 106 describes those exclusive rights as including any of the following rights: (1) to reproduce the copyrighted work in copies or phonorecords; (2) to prepare derivative works based upon the copyrighted work; (3) to distribute copies or phonorecords of the copyrighted work to the public by sale . . . . (5) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and pictorial, graphic, or sculptural works, including the individual images of a motion picture or other audiovisual work, to display the copyrighted work publicly . . . ." 17 U.S.C. §106.

12. Here, both prongs of the *Downing* test are satisfied because: (1) Plaintiff asserts ownership of the photographs made by Defendant and the photographs are the proper subject matter of copyright protection under Section 102; and,

(2) Plaintiff is seeking to bar Defendant from using the photographs in any manner, thus restricting Defendant's exclusive rights enumerated in Section 106 of the Copyright Act.

13. Since this action is a suit involving the claim of rights arising under the laws of the United States, specifically the Copyright Act, and since that Act ascribes exclusive and original jurisdiction to the Federal Courts, this action may be removed to this Court under 28 U.S.C. §1441 without any regard to the citizenship of the parties.

14. Copies of all the pleadings, processes, declarations, and orders filed in the Superior Court are attached to this Notice of Removal as Exhibit A.

15. Defendant Brubaker, as the sole named and served defendant in this matter, may properly file this Notice of Removal under 28 U.S.C. § 1441.

16. Defendant Brubaker will, upon filing this Notice of Removal, also file a copy of same with the Superior Court for Los Angeles County, to effect this removal pursuant to 28 U.S.C. § 1446(d).

17. In the event this Court should be inclined to remand this action, Defendant requests that the Court issue an Order to Show Cause why the case should not be remanded, giving the parties the opportunity to both brief and argue the matter prior to any remand, particularly because an order to remand is not subject to appellate review.

Dated: June 6, 2013

Respectfully submitted,

*[signature]*

Leslie Burns, SBN 276687
Attorney of Record for Defendant
Deborah Danielle ("Dani") Brubaker

## CERTIFICATE OF SERVICE

I certify that I have this day served a copy of the foregoing to:

Laurence C. Hall
THE HALL LAW CORPORATION
400 Continental Boulevard, Sixth Floor
El Segundo, CA 90245
larry@larryhalllaw.com

via electronic mail per prior written agreement with counsel.

This 6th day of June, 2013.

Respectfully submitted,

Leslie Burns
California Bar No. 276687
Attorney of Record for Defendant
Deborah Danielle Brubaker

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge John F. Walter and the assigned discovery Magistrate Judge is Victor B. Kenton.

The case number on all documents filed with the Court should read as follows:

**CV13- 4090 JFW (VBKx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)        NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

# CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )
Pili Marco by and through her guarian ad litem Tony Marco

**DEFENDANTS** ( Check box if you are representing yourself ☐ )
Deborah Danielle ("Dani") Brubaker
DOES 1-20

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Larry Hall
The Hall Law Corporation
400 Continental Boulevard, Sixth Floor El Segundo, California 90245
310-426-2206

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Leslie Burns (276687) and Carolyn E. Wright (263960)
Law Office of Carolyn E. Wright, LLC
POBox 430 Glenbrook, NV 89413
213-632-9871

BY FAX

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff
☒ 3. Federal Question (U.S. Government Not a Party)
☐ 2. U.S. Government Defendant
☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
☐ 1. Original Proceeding
☒ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)
**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   ☐ **MONEY DEMANDED IN COMPLAINT:** $ >$25,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Removal of state case involving 5 causes of action (statutory and common law misappropriation of likeness, fraud, breach of fiduciary duty and rescission; all regarding the ownership of and creation of photographs and there fore issues of copyright (17 USC 101 et seq).

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☒ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpratice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 210 Land Condemnation | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| | ☐ 220 Foreclosure | | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

FOR OFFICE USE ONLY: Case Number: **CV13-04090**

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

CV-71 (02/13)                CIVIL COVER SHEET                Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ NO ☐ YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ NO ☒ YES

If yes, list case number(s): CV12-09608-PJW

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply) ☒ A. Arise from the same or closely related transactions, happenings, or events; or

☒ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☒ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☒ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _____ DATE: June 6, 2013

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |