EXHIBIT A (part 1 of 2)

1   Laurence C. Hall (State Bar No. 053681)
    THE HALL LAW CORPORATION
2   A Professional Law Corporation
    400 Continental Boulevard, Sixth Floor
3   El Segundo, California 90245
    Telephone:   (310) 426-2206
4   Facsimile:    (760) 398-4455
    EMAIL: Larry@Larryhalllaw.com
5           Becky@larryhalllaw.com

6   Attorneys for Plaintiff,
    PILI MARCO BY AND THROUGH HER
7   GUARDIAN AD LITEM TONY MARCO

8

9                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                   FOR THE COUNTY OF LOS ANGELES

11

12  PILI MARCO BY AND THROUGH HER        :   Case No.:  YC068263
    GUARDIAN AD LITEM, TONY MARCO        :   [Assigned for all purposes to the Hon. Stuart M.
                                         :   Rice, Dept. B]
13                  Plaintiffs,          :
                                         :
14  vs.                                  :   **[PROPOSED] ORDER RE STIPULATION TO
                                         :   PERMIT SERVICE BY ELECTRONIC MAIL (E-
15  DANI BRUBAKER, individually, and     :   MAIL) TRANSMISSION**
    DOES 1 through 20, inclusive         :
16                                       :
                Defendants.              :
17  _____   :

18

19          WHEREBY counsel for Plaintiff, PILI MARCO BY AND THROUGH HER GUARDIAN AD

20  LITEM, TONY MARCO, by and through her attorney of record, Laurence C. Hall with The Hall

21  Law Corporation, and Defendant, Dani Brubaker, by and through her attorney of record, Leslie

22  Burns with the Law Office of Carolyn E. Wright, LLC, do hereby agree and stipulate to the

    following:
23
    ///
24
    ///
25

1        The parties have agreed and stipulated to permit service in this case of all pleadings,

2  motions, and other documents, by Electronic mail (E-mail) transmission to the parties' listed e-

3  mail address on their pleadings and/or letterhead, and that said service by E-mail transmission

4  will extend any period or date prescribed by statute or rule of court by the time indicated under

5  rule Code of Civil Procedure Section 1010.6.

6

7  ACCORDINGLY, IT IS HEREBY ORDERED:

8

9  DATE:  _____, 2013

10

11                     _____
                        JUDGE OF THE SUPERIOR COURT

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1

<u>PROOF OF SERVICE</u>

2

STATE OF CALIFORNIA, COUNTY OF RIVERSIDE

3

4

     I am employed in the County of Riverside, California. I am over the age of eighteen years and not a party to the within cause; my business address is 36856 Quasar Place, Murrieta, CA 92563.

5

6

7

     On May 24, 2013, I served the within following documents **[PROPOSED] ORDER RE STIPULATION TO PERMIT SERVICE BY ELECTRONIC MAIL (E-MAIL) TRANSMISSION** on the interested parties in said cause, by the placing true copies thereof enclosed in sealed envelopes addressed as follows:

8

9

10

11

12

Carolyn E. Wright, Esq.
Leslie Burns, Esq.
Law Office of Carolyn E. Wright, LLC
PO Box 430
Glenbrook, NV 89413-0430
775.589.2229 direct    775.580.7322 fax
Email: leslie@photoattorney.com
Email: carolyn@photoattorney.com
Attorney for Defendant, Dani Brubaker

13

14

**XXX  (By Email)** I caused the above-referenced document to be emailed to the addressee at the email address shown above.

15

16

17

18

____ (First Class Mail) I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Murrieta, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

19

20

____ (By Facsimile)  The above-described document(s) were sent by facsimile transmission to the facsimile number(s) of the law offices) stated below.  The transmission was reported as complete and without error.

21

22

     I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on <u>May 24, 2013</u>, at Murrieta, California.

23

24

_____
Becky Tucker

25

1    Laurence C. Hall (State Bar No. 053681)
     THE HALL LAW CORPORATION
2    A Professional Law Corporation
     400 Continental Boulevard, Sixth Floor
3    El Segundo, California 90245
     Telephone:   (310) 426-2206
4    Facsimile:     (760) 398-4455
     EMAIL: Larry@Larryhalllaw.com
5                Becky@larryhalllaw.com

6    Attorneys for Plaintiff,
     PILI MARCO BY AND THROUGH HER
7    GUARDIAN AD LITEM TONY MARCO

8

                 SUPERIOR COURT OF THE STATE OF CALIFORNIA
9
                     FOR THE COUNTY OF LOS ANGELES
10

11

12   PILI MARCO BY AND THROUGH HER         :    Case No.: YC068263
     GUARDIAN AD LITEM, TONY MARCO         :    [Assigned for all purposes to the Hon. Stuart M.
                                           :    Rice, Dept. B]
13              Plaintiffs,                :
                                           :
14   vs.                                   :    **STIPULATION TO PERMIT SERVICE BY**
                                           :    **ELECTRONIC MAIL (E-MAIL) TRANSMISSION**
15   DANI BRUBAKER, individually, and      :
     DOES 1 through 20, inclusive          :
16                                         :
                Defendants.                :
17   _____:

18

19                                 **STIPULATION**

20          Plaintiff, PILI MARCO BY AND THROUGH HER GUARDIAN AD LITEM, TONY MARCO,

21   by and through her attorney of record, Laurence C. Hall with The Hall Law Corporation, and

22   Defendant, Dani Brubaker, by and through her attorney of record, Carolyn Wright with the Law

23   Office of Carolyn E. Wright, LLC, do hereby agree and stipulate to the following:

24   ///

25   ///

1    The parties agree and stipulate to permit service in this case of all pleadings, motions,

2  and other documents, by Electronic mail (E-mail) transmission to the parties' listed e-mail

3  address on their pleadings and/or letterhead, and that said service by E-mail transmission will

4  extend any period or date prescribed by statute or rule of court by the time indicated under rule

5  Code of Civil Procedure Section 1010.6.

6

7  DATE: May 22, 2013                 LAW OFFICE OF CAROLYN E. WRIGHT, LLC

8

9  _____

10                                      LESLIE BURNS
                                        Attorneys for Defendant,
11                                      DANI BRUBAKER

12  DATED:    May 22, 2013             THE HALL LAW CORPORATION

13

14

15  _____
                                        LAURENCE C. HALL
16                                      Attorneys for Plaintiff,
                                        PILI MARCO BY AND THROUGH HER
17                                      GUARDIAN AD LITEM TONY MARCO

18

19

20

21

22

23

24

25

1

## **PROOF OF SERVICE**

2

3

STATE OF CALIFORNIA, COUNTY OF RIVERSIDE

4

I am employed in the County of Riverside, California. I am over the age of eighteen years and not a party to the within cause; my business address is 36856 Quasar Place, Murrieta, CA 92563.

5

6

On May 23, 2013, I served the within following documents **STIPULATION TO PERMIT SERVICE BY ELECTRONIC MAIL (E-MAIL) TRANSMISSION** on the interested parties in said cause, by the placing true copies thereof enclosed in sealed envelopes addressed as follows:

7

8

9

Carolyn E. Wright, Esq.
Leslie Burns, Esq.

10

Law Office of Carolyn E. Wright, LLC
PO Box 430

11

Glenbrook, NV 89413-0430
775.589.2229 direct    775.580.7322 fax

12

Email: leslie@photoattorney.com
Email: carolyn@photoattorney.com

13

Attorney for Defendant, Dani Brubaker

14

15

**XXX** (By Email) I caused the above-referenced document to be emailed to the addressee at the email address shown above.

16

17

**____ (First Class Mail)** I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Murrieta, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

18

19

20

21

**____ (By Facsimile)** The above-described document(s) were sent by facsimile transmission to the facsimile number(s) of the law offices) stated below. The transmission was reported as complete and without error.

22

23

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on <u>May 23, 2013</u>, at Murrieta, California.

24

25

26

_____
Becky Tucker

27

28

STIPULATION TO PERMIT SERVICE BY ELECTRONIC MAIL (E-MAIL) TRANSMISSION
Page 1

1  Leslie Burns (SBN 276687)
2  Carolyn E. Wright (SBN 263960)
   Law Office of Carolyn E. Wright, LLC
3  P.O. Box 430
   Glenbrook, NV 89413
4  (213) 632-9871  (telephone)
5  (775) 580-7322  (facsimile)
   Email: leslie@photoattorney.com
6  Email: carolyn@photoattorney.com
7  Attorneys for Defendant Brubaker

8

9             SUPERIOR COURT OF THE STATE OF CALIFORNIA
                        COUNTY OF LOS ANGELES
10

11

12  PILI MARCO BY AND THROUGH          Case No. YCO68263
    HER GUARIAN AD LITEM,              Filed: December 5, 2012
13  TONY MARCO

14                                     **DEFENDANT'S**
                   Plaintiff,          **NOTICE OF DEMURRER AND**
15                                     **DEMURRER TO COMPLAINT;**
                                       **AND MEMORANDUM OF**
16  vs.                                **POINTS AND AUTHORITIES IN**
                                       **SUPPORT THEREOF**
17  DANI BRUBAKER, individually,
18  and DOES 1-20, inclusive
                                       Date: June 18, 2013
19                                     Time: 8:30 a.m.
                   Defendants.         Dept.: B
20                                     Trial Date: None Set
21

22  Defendant Dani Brubaker ("Defendant") hereby notices Plaintiff and her

23  attorneys of record and the Court that on June 18, 2013, at 8:30 a.m., or as soon

24  afterward as the matter may be heard, in Department B of the above-entitled

25  court, located at 825 Maple Avenue, Torrance, CA, she will and hereby does

26  demur to the Complaint filed by Plaintiff.

27        This demurrer is made on the grounds that each of Plaintiff's five causes of

28

DEFENDANT'S NOTICE OF DEMURRER, DEMURRER, AND MEMORANDUM IN SUPPORT
                                - 1 -

action in her Complaint fails to state facts sufficient to constitute causes of action against Defendant Brubaker, is stated ambiguously and unintelligibly and thus uncertain, is barred by the applicable Statutes of Limitation, is not proper subject matter for this court's jurisdiction, or is preempted by federal statute. Code of Civil Procedure §§425.10, 430.10(a)(e)(f)(g), 337, 338(a)(d), 339, 343.

This Demurrer is based upon this Notice, the attached Demurrer and Memorandum of Points and Authorities, all records, papers and pleadings on file in this action, such oral argument as the Court may consider at the hearing of this Demurrer, and any matters of which the Court may or must take judicial notice. Code of Civil Procedure §§430.30

DATED: May 22, 2013

Respectfully submitted,

s/ Leslie Burns
Leslie Burns
Attorney of Record for Defendant
Dani Brubaker

## DEMURRER TO COMPLAINT

Defendant demurs to the five causes of action in the Complaint on the following grounds:

### DEMURRER TO FIRST CAUSE OF ACTION

(For Misappropriation of Right of Privacy/Right of Publicity

Civil Code §3344)

1. The First Cause of Action fails to state facts sufficient to constitute a cause of action. Code Civ. Proc. §430.10(e).

2. The First Cause of Action is preempted by federal statute and therefore not proper subject matter for this court's jurisdiction. Code Civ. Proc. §430.10(a).

3. The First Cause of Action is barred by the Statute of Limitations and therefore fails to state facts sufficient to constitute a cause of action. Code Civ. Proc. §§339, 430.10(e).

4. The First Cause of Action is ambiguous and unintelligible and therefore subject to a special demurrer for uncertainty. Code Civ. Proc. §430.10(f).

### DEMURRER TO SECOND CAUSE OF ACTION

(For Misappropriation of Common Law Right of Privacy/Right of Publicity)

1. The Second Cause of Action fails to state facts sufficient to constitute a cause of action. Code Civ. Proc. §430.10(e).

2. The Second Cause of Action is preempted by federal statute and therefore not proper subject matter for this court's jurisdiction. Code Civ. Proc. §430.10(a).

3. The Second Cause of Action is barred by the Statute of Limitations and therefore fails to state facts sufficient to constitute a cause of action. Code Civ.

Proc. §§ 339, 430.10(e).

4. The Second Cause of Action is ambiguous and unintelligible and therefore subject to a special demurrer for uncertainty. Code Civ. Proc. §430.10(f).

## DEMURRER TO THIRD CAUSE OF ACTION

### (For Rescission Under California Civil Code § 1689(b))

1. The Third Cause of Action fails to state facts sufficient to constitute a cause of action. Code Civ. Proc. §430.10(e).

2. The Third Cause of Action is barred by the Statute of Limitations and therefore fails to state facts sufficient to constitute a cause of action. Code Civ. Proc. §§337, 430.10(e).

3. The Third Cause of Action fails to indicate whether the purported contract is written, oral, or implied, and fails to include a copy of the alleged contract or a verbatim statement of its terms and is therefore subject to a special demurrer.  Code Civ. Proc. §430.10(g).

## DEMURRER TO FOURTH CAUSE OF ACTION

### (For Fraud)

1. The Fourth Cause of Action fails to state facts sufficient to constitute a cause of action. Code Civ. Proc. §430.10(e).

2. The Fourth Cause of Action is barred by the Statute of Limitations and therefore fails to state facts sufficient to constitute a cause of action. Code Civ. Proc. §§ 338(d), 430.10(e).

3. The Fourth Cause of Action is ambiguous and unintelligible and therefore subject to a special demurrer for uncertainty. Code Civ. Proc. §430.10(f).

**DEMURRER TO FIFTH CAUSE OF ACTION**

(For Breach of Fiduciary Duty)

1. The Fifth Cause of Action fails to state facts sufficient to constitute a cause of action. Code Civ. Proc. §430.10(e).

2. The Fifth Cause of Action is barred by the Statute of Limitations and therefore fails to state facts sufficient to constitute a cause of action. Code Civ. Proc. §§338(d), 430.10(e).

3. The Fifth Cause of Action is ambiguous and unintelligible and therefore subject to a special demurrer for uncertainty. Code Civ. Proc. §430.10(f).

4. The Fifth Cause of Action is improperly brought before this Court under statute and thus not proper subject matter for the jurisdiction of this court. Code Civ. Proc. §430.10(a).


DATED: May 22, 2013

                                        Respectfully submitted,

                                        s/ Leslie Burns
                                        Leslie Burns
                                        Attorney of Record for Defendant
                                        Dani Brubaker

# MEMORANDUM OF POINTS AND AUTHORITIES

## TABLE OF CONTENTS

I. INTRODUCTION....................................................................1

II. LEGAL STANDARD ON DEMURRER................................................1

III. THE FIRST AND SECOND CAUSES OF ACTION FAIL TO STATE
SUFFICENT FACTS TO CONSITUTE CAUSES OF ACTION, ARE SUBJECT
TO FEDERAL PREEMPTION, ARE BARRED BY THE APPLICABLE
STATUTE OF LIMITATIONS, AND ARE UNCERTAIN IN THEIR
PLEADING. ............................................................................2

*A. Failure to State Sufficient Facts to Constitute Causes of Action.*............2

*B. Federal Preemption Applies to These Causes of Action*.........................3

*C. Causes of Action are Time-barred.*...........................................5

*D. Causes of Action are Uncertain and Thus Subject
    to Special Demurrer* ................................................................6

IV. THE THIRD CAUSE OF ACTION FAILS TO STATE SUFFICENT FACTS
TO CONSITUTE A CAUSE OF ACTION, FAILS TO INCLUDE A COPY OF
THE CONTRACT OR ITS TERMS, AND, IS BARRED BY THE
APPLICABLE STATUTE OF LIMITATIONS. ........................................7

*A. Failure to State Facts Sufficient to Constitute a Cause of Action and
    Failure to Include the Alleged Contract.*................................................7

*B. The Cause of Action is Time-barred.* ........................................9

V. THE FOURTH CAUSE OF ACTION FAILS TO STATE SUFFICENT
FACTS TO CONSTITUTE A CAUSE FOR ACTION, IS BARRED BY

THE APPLICABLE STATUTE OF LIMITATIONS, AND

IS UNCERTAIN. ........................................................................9

A. *The Complaint Fails to State Facts Sufficient to Constitute*

    *a Cause of Action.*..................................................................9

B. *The Cause of Action is Time-barred and Subject to the Heightened Pleading*

    *Requirements Under the Discovery Rule.*..............................10

C. *The Cause of Action is Uncertain and Thus Subject*

    *to Special Demurrer.* .........................................................11

VI. THE FIFTH CAUSE OF ACTION FAILS TO STATE SUFFICENT FACTS

TO CONSTITUTE A CAUSE OF ACTION, IS BARRED BY THE

APPLICABLE STATUTE OF LIMITATIONS, IS NOT PROPER

SUBJECT MATTER FOR THIS COURT'S JURISDICTION, AND IS

UNCERTAIN. ........................................................................11

A. *This Matter is Not Proper Subject Matter for*

    *This Court's Jurisdiction.* ...................................................11

B. *The Complaint Fails to State Facts Sufficient to Constitute*

    *a Cause of Action.*..............................................................12

C. *This Cause of Action is Time-barred and Insufficiently Pled Under the*

    *Discovery Rule.*..................................................................13

D. *This Cause of Action is Uncertain and Subject*

    *to Special Demurrer.* .........................................................15

VII. CONCLUSION.................................................................15

1
2
3
# TABLE OF AUTHORITIES
4
5
**CASES**

*A. Teichert & Son, Inc. v. California* (1965) 238 Cal.App.2d 736...............7

*Alfaro v. Community Housing Improvement System & Planning Assn., Inc.*
  (2009) 171 Cal.App.4th 1356.................................................14

*Ankeny v. Lockheed Missiles & Space Co.* (1979) 88 Cal.App.3d 531........1

*Brandon G. v. Gray* (2003) 111 Cal.App.4th 29 ........................10

*Buchwald v Katz* (1972) 8 Cal. 3d 493....................................12

*Cantu v. Resolution Trust Corp.* (1992) 4 Cal.App. 4th 857.......................2

*Christoff v Nestlè USA, Inc.* (2007) 152 Cal.App.4th 1439 ........................5

*City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*
  (1998) 68 Cal.App.4th 445 ...............................................12

*City of Hope National Medical Center vs. Genentech, Inc.* (2008)
  43 Cal. 4th 375 ........................................................13

*City of Vista v. Robert Thomas Securities, Inc.* (2000)
  84 Cal.App.4th 882 ....................................................13

*Committee on Children's Television, Inc. v. General Foods Corp.* (1983)
  35 Cal. 3d 197 .........................................................9

*Creditors Collection Serv. v. Castaldi* (1995) 38 Cal.App.4th 1039 .........10

*E-Fab, Inc. v Accountants, Inc.* (2007) 153 Cal.App.4th 1308..............5, 10

*Eastwood v. Superior Court* (1983) 149 Cal.App.3d 409 ...........................3

*Engalla v. Permanente Medical Group, Inc.* (1997) 15 Cal.4th 951 ...........9

*Estes v. Monroe* (2004) 120 Cal.App.4th 1347, 1365 ...................................2

*Fleet v CBS, Inc.* (1996) 50 Cal.App.4th 1911 .............................................4

*Gonzales v. State of California* (1977) 68 Cal.App.3d 621..........................2

*Halvorsen v. Aramark Uniform Services, Inc.* (1998)
    65 Cal.App.4th 1383 ................................................................2

*Khoury v. Maly's of Calif., Inc.* (1993) 14 Cal.App.4th 612 ......................6

*KNB Enterprises, Inc. v. Matthews* (2000) 78 Cal.App.4th 362 .................4

*Lynch v. Cruttenden & Co.* (1993) 18 Cal.App.4th 802............................12

*Molko v. Holy Spirit Ass'n* (1988) 46 Cal.3d 1092 ....................................9

*Montana v. San Jose Mercury News, Inc.* (1999) 34 Cal.App.4th 790 .......3

*Moore v. Conliffe* (1994) 7 Cal.4th 634 .....................................................2

*Neet v. Holmes* (1944) 25 Cal.2d 447.........................................................8

*Oakland Raiders v. National Football League* (2005)
    131 Cal.App.4th 621 ..............................................................12

*Otworth v. Southern Pacific Transportation Co.* (1985)
    166 Cal.App.3d 452.................................................................7

*Perry v. Robertson* (1988) 201 Cal.App.3d 333.........................................8

*Saret-Cook v. Gilbert, Kelly, Crowley & Jennett* (1999)
    74 Cal.App.4th 1211................................................................8

*Stansfield v. Starkey* (1990) 220 Cal.App.3d 59 ......................................10

*Thomson v. Canyon* (2011) 198 Cal.App.4th 594 .....................................13

*Waverly Productions, Inc. v. RKO General, Inc.* (1963)
    217 Cal.App.2d 721 ...............................................................12

*Wolf v. Superior Court (Walt Disney Pictures and Television)* (2003)
    107 Cal.App.4th 25 ................................................................13

**STATUTES**

*Federal*

17 U.S.C. §102 ............................................................................................4

17 U.S.C. §103 ............................................................................................4

17 U.S.C. §106 ............................................................................................4

*California*

Civ. Code §3344 ..................................................................... 1, 2, 5, 7

Civ. Code §3344.1 ............................................................................ 2

Civ. Code §1689(b) ...................................................................... 1, 7

Code Civ. Proc. §337(1) ................................................................... 9

Code Civ. Proc. §338(d) ................................................ 10, 11, 13, 14

Code Civ. Proc. §339 ........................................................................ 5

Code Civ. Proc. §339(1) ................................................................... 9

Code Civ. Proc. §430.10 .................................................................. 1

Code Civ. Proc. §430.10(a) ......................................................... 3, 12

Code Civ. Proc. §430.10(e) .................................................. 1, 3, 9, 10

Code Civ. Proc. §430.10(f) ................................................. 1, 6, 11, 15

Code Civ. Proc. §430.10(g) .............................................................. 8

Code Civ. Proc. §1691 ..................................................................... 8

Lab. Code §§ 1700 *et seq* ............................................................ 11

Lab. Code §1700.4 .......................................................................... 11

Lab. Code § 1700.44(a) ................................................................... 11

OTHER

Restatement 2d Torts 652(C).............................................................5

## I. INTRODUCTION

This action arises out of photography sessions where the Defendant Dani Brubaker, a full-time professional photographer who shoots for major national and international commercial clients (such as Gucci, Hugo Boss, and Nordstrom), created photographs of the Plaintiff, Pili Marco. Plaintiff, though her guardian ad litem, alleges in her complaint ("Complaint") that Brubaker, as a part of some undefined scheme with unknown Doe defendants, promised to be a "Modeling Manager" for Plaintiff and other unidentified children who are not included in this action, with the intention of defrauding Plaintiff and the others of their rights of publicity and privacy and ownership of the copyrights in the photographs made of Plaintiff (and others). Furthermore, Plaintiff alleges that Defendants' scheme was to obtain monies from the exploitation of the photographs, including damages for alleged copyright infringement of them, without compensating the Plaintiff or the other unnamed children.

Plaintiff's Complaint consists of five causes of action against Defendant Brubaker:  1) Misappropriation of Rights of Privacy and Publicity under Civil Code § 3344; 2) Misappropriation of Common Law Rights of Privacy and Publicity; 3) Rescission under Civil Code § 1689(b); 4) Fraud; and 5) Breach of Fiduciary Duty. As shown below, each cause of action fails.

## II. LEGAL STANDARD ON DEMURRER

Pursuant to Code of Civil Procedure Section 430.10: The party against whom a complaint or cross-complaint has been filed may object, by demurrer or answer as provided in Section 430.30, to the pleading on any one or more of the following grounds: . . . (e) The pleading does not state facts sufficient to constitute a cause of action and/or (f) The pleading is uncertain. As used in this subdivision, "uncertain" includes ambiguous and unintelligible. Code Civ. Proc. §430.10. Mere "recitals, references to, or allegations of material facts, which are left to surmise are subject

to special demurrer for uncertainty." *Ankeny v. Lockheed Missiles & Space Co*. (1979) 88 Cal.App.3d 531, 537. Further, a complaint that fails to state specific dates or times of the facts alleged is uncertain and subject to demurrer on that ground "that these objections of uncertainty would also be grounds for general demurrer because they are uncertainties with regard to matters not alleged which are essential to the cause of action rather than matters merely creating a doubt as to what the pleader means by the facts alleged. *Gonzales v. State of California* (1977) 68 Cal.App.3d 621, 634 (internal citation omitted) (disapproved on other grounds in *Stockton v. Sup. Ct.* (2007) 42 Cal.4th 730).

When considering a demurrer, the factual allegations made in the complaint are considered as if facially true. *Moore v. Conliffe* (1994) 7 Cal.4th 634, 638. If a defendant negates any essential element of a particular cause of action, a judge should sustain the demurrer as to that cause of action. *Cantu v. Resolution Trust Corp.* (1992) 4 Cal.App. 4th 857, 880. Relatedly, when the complaint's defects are matters of law, the demurrer should be sustained without leave to amend. *Estes v. Monroe* (2004) 120 Cal.App.4th 1347, 1365. Finally, "[w]hen a complaint affirmatively alleges facts amounting to an affirmative defense, it is subject to a demurrer." *Halvorsen v. Aramark Uniform Services, Inc.* (1998) 65 Cal.App.4th 1383, 1391.

III. THE FIRST AND SECOND CAUSES OF ACTION FAIL TO STATE SUFFICENT FACTS TO CONSITUTE CAUSES OF ACTION, ARE SUBJECT TO FEDERAL PREEMPTION, ARE BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS, AND ARE UNCERTAIN IN THEIR PLEADING.

*A. Failure to State Sufficient Facts to Constitute Causes of Action.*

California has adopted both common law and statutory protections for a person's right of publicity. *See* Civ. Code §§3344, 3344.1. "A common law cause

of action for appropriation of name or likeness may be pleaded by alleging (1) the defendant's use of the plaintiff's identity; (2) the appropriation of plaintiff's name or likeness to defendant's advantage, commercially or otherwise; (3) lack of consent; and (4) resulting injury." *Eastwood v. Superior Court* (1983) 149 Cal.App.3d 409, 417, (internal citations omitted). A cause of action under Section 3344 requires all of the above elements plus "a knowing use of the plaintiff's name, photograph or likeness" and "a 'direct' connection must be alleged between the use and the commercial purpose." *Id.* at 417-18. *Accord, Montana v. San Jose Mercury News, Inc.* (1999) 34 Cal.App.4th 790, 793.

In her Complaint, Plaintiff fails to plead how, where, when, or in what manner Defendant used Plaintiff's likeness or identity, stating only conclusory allegations that "Defendants uses and continue to use Plaintiffs' [sic] photographs, images, likenesses, publicity rights and privacy rights (collectively, "Plaintiffs' [sic] Rights") for Defendants' own profit and gain" and "Plaintiff is informed and believes and based thereon alleges that Defendants intentionally, negligently and/or knowingly used Plaintiff's' Rights for Defendants' own profit and gain." Complaint at ¶¶9, 12.

Plaintiff thus has failed to plead facts establishing: 1) that Defendant Brubaker in fact used Plaintiff's likeness or identity in any manner or at any time; 2) that any use was to Defendant Brubaker's advantage; and 3) that Plaintiff was injured. Plaintiff also failed to plead facts showing that Defendant Brubaker knowingly made any use of Plaintiff's identify at all or that any alleged use was for a commercial purpose. Therefore, Plaintiff has failed to plead facts establishing the elements necessary for either the statutory or common law right of publicity and privacy causes of action and the court should sustain the demurrers on both of them, pursuant to Code of Civil Procedure 430.10(e).

*B. Federal Preemption Applies to These Causes of Action*

Code of Civil Procedure Section 430.10(a) provides for a demurrer for lack of

subject matter jurisdiction. Code Civ. Proc. §430.10(a). Federal preemption under the Copyright Act, Title 17 of United States Code, is an affirmative defense and "California law concerning right to publicity, as any state statute or law, is subject to preemption under the supremacy clause of the United States Constitution . . . ." *Fleet v CBS, Inc.* (1996) 50 Cal.App.4th 1911, 1918 (internal citation omitted). *Fleet* established a two-part test for preemption: "the subject of the claim must be a work fixed in a tangible medium of expression and come within the subject matter or scope of copyright protection as described in sections 102 and 103 of 17 United States Code, and second, the right asserted under state law must be equivalent to the exclusive rights contained in section 106." *Id.* at 1919 (internal citations omitted). Specifically, preemption under *Fleet* occurs in a right of publicity claim "where an actor or model with no copyright interest in the work seeks to prevent the exclusive copyright holder from displaying the copyrighted work." *KNB Enterprises, Inc. v. Matthews* (2000) 78 Cal.App.4th 362, 374.

Photographs are works fixed in a tangible medium and thus are protected by copyright ("Works of authorship include . . . pictoral, graphic, and sculptural works"). 17 U.S.C §102(a)(5). "[T]he owner of copyright . . . has the exclusive rights to do and to authorize others the rights to reproduce, display, and to distribute the copyrighted work. 17 U.S.C. §106 (the "Exclusive Rights").

Here, Plaintiff has pled for relief in the form of injunctions preventing Defendant from exercising her Exclusive Rights in the photographs containing Plaintiff's likeness and compelling her to "return" any such photographs to Plaintiff. Complaint at ¶¶13, 18, 23. Plaintiff also has claimed an ownership interest in all photographs bearing her image or likeness (*id.* at ¶¶4, 9) and asserts an interest in any damages obtained by Defendants for copyright infringement (*id.* at ¶4). Thus, Plaintiff seeks ownership of the copyrights to the photographs bearing her likeness or, in the alternative, that Defendant Brubaker, as the sole copyright holder, must be prevented from displaying or using the copyrighted photographs.

In either case, copyright ownership and the related Exclusive Rights as set forth in the United States Code are the gravamen of Plaintiff's claims here.

Accordingly, Federal preemption applies here as both prongs of the two-part *Fleet* test are satisfied. Therefore, the demurrers for these two causes of action must be sustained without leave to amend.

*C. Causes of Action are Time-barred.*

In *Christoff v Nestlè USA, Inc*, the Court of Appeal stated that the appropriate statute of limitations for an action under Civil Code Section 3344 is two years under Code of Civil Procedure Section 339, as Section 3344 "is now understood as securing a proprietary interest" and Section 339 "has been held to apply to torts protecting property rights." *Christoff v Nestlè USA, Inc.* (2007) 152 Cal.App.4th 1439, 1463 (internal citations omitted) (reversed in part on other grounds (2009) 47 Cal 4th 468). Logically, Code Civ. Proc. §339 also applies to the common law right of publicity since it protects the same proprietary interest as Section 3344. *See* Restatement 2d of Torts 652(C): Appropriation of Name or Likeness, Cmt. a ("the right created by it is in the nature of a property right . . .").

Further, Section 339 provides that the cause of action "shall not be deemed to have accrued until the discovery of the loss or damage suffered by the aggrieved party thereunder." Code Civ. Proc. §339. Plaintiffs relying on the discovery rule "must specifically plead facts to show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence. The burden is on the plaintiff to show diligence, and conclusory allegations will not withstand demurrer." *E-Fab, Inc. v Accountants, Inc.* (2007) 153 Cal.App.4th 1308, 1319 (citing *McKelvey v. Boeing North American, Inc.* (1999) 74 Cal.App.4th 151, 161).

Here, Plaintiff has not pled any facts regarding: (1) when, how, or where her likeness or identity were used by Defendants; (2) when she discovered any alleged use or uses; and, (3) how or why she discovered any such use or uses and what

prevented her from discovering it (them) earlier. Instead, the only date that Plaintiff provides is "the end of July 2006," when Defendant first met Plaintiff and her parents and allegedly made promises regarding Plaintiff's modeling career. Complaint at ¶6. Plaintiff also states "shortly after their first meeting" in the subsequent paragraph. *Id*. at ¶7. This present action was filed in December 2012, more than six years after those events and clearly beyond any applicable statute of limitations.

Therefore, the court must sustain the demurrer on these two causes of action, without leave to amend, for being untimely and for Plaintiff's failure to plead sufficient and specific facts regarding the discovery of any alleged use of Plaintiff's likeness or identity at issue here.

*D. Causes of Action are Uncertain and Thus Subject to Special Demurrer.*

Finally, Plaintiff's failure to allege any facts specific to these causes of action renders them legally uncertain as being ambiguous and unintelligible. Code Civ. Proc. §430.10(f). A pleading must allege facts and not conclusions, and the material facts must be alleged directly and not by way of recital. *Ankeny,* 88 Cal. App. 3d at 537 (citing *Vilardo v. County of Sacramento* (1942) 54 Cal. App. 2d 413, 418-419). Although uncertainty is not a favored rationale for a demurrer, a demurrer for uncertainty will be sustained when the complaint is drafted such that the defendant cannot reasonably respond; i.e., the defendant cannot reasonably determine what issues must be admitted or denied, or what counts or claims are directed against the defendant. *See Khoury v. Maly's of Calif., Inc.* (1993) 14 Cal.App.4th 612, 616.

Here, Plaintiff has omitted more than she has included in her Complaint. A plain reading of the Complaint does not provide facts sufficient for Defendant to understand or respond to these Causes of Action. Plaintiff provides nothing more than conclusory statements that "Defendants used and continue to use..." (Complaint at ¶9), "Defendants intentionally, negligently and/or knowingly

used..." (*id.* at ¶12), "The conduct of the Defendants as alleged hereinabove constitutes a violation of §3344 of the California Civil Code due to the knowing and unauthorized use of Plaintiff's Rights for commercial purposes" (*id.* at ¶15), and "The conduct of Defendants, as alleged hereinabove, constitutes a violation of Plaintiff's common law rights of publicity and rights of privacy, due to the unauthorized use of Plaintiff's Rights for Defendants' advantage" (*id.* at ¶20).

The first and second Causes of Action are far too vague and ambiguous to be intelligible because Plaintiff has failed to plead sufficient facts for Defendant Brubaker to understand the specific legal accusations against her; she cannot effectively respond. Therefore, the court should sustain the special demurrers for uncertainty for these Causes of Action.


IV. THE THIRD CAUSE OF ACTION FAILS TO STATE SUFFICENT FACTS TO CONSITUTE A CAUSE OF ACTION, FAILS TO INCLUDE A COPY OF THE CONTRACT OR ITS TERMS, AND, IS BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS.

*A. Failure to State Facts Sufficient to Constitute a Cause of Action and Failure to Include the Alleged Contract.*

Civil Code Section 1689(b) states that a contract may be rescinded for reasons including fraud, mistake, or duress. Civ. Code §1689(b). Because rescission is a remedy that returns the parties of a contract to their pre-contract state, an action for rescission requires the existence of a contract, whether oral or written. For a written contract, "the terms of a contract must be set forth verbatim in the body of the complaint or a copy of the written instrument must be attached and incorporated by reference." *Otworth v. Southern Pacific Transportation Co*. (1985) 166 Cal.App.3d 452, 459; *see also A. Teichert & Son, Inc. v. California* (1965) 238 Cal.App.2d 736, 748, *disapproved on other grounds*, 65 Cal. 2d 787, 792 ("[i]f writings form a necessary link in a cause of action, they should be quoted in the

complaint, set out *in haec verba* or incorporated by reference"). "The purpose of the specific pleading of a written contract requirement is to permit the defendant to demur . . . based upon the construction of the text of the contract, a question of law unless extrinsic facts bearing upon meaning are alleged." *Perry v. Robertson* (1988) 201 Cal.App.3d 333, 341. Failure to do so is grounds for a special demurrer.  Code Civ. Proc. §430.10(g).

Furthermore, in pleading rescission, a party must not only give prompt notice of the rescission, for which service of a complaint will suffice, it must also tender an offer to restore the other party's consideration. Code Civ. Proc. §1691. A party wishing to rescind "cannot play fast and loose. He cannot conduct himself so as to derive all possible benefit from the transaction and then claim the right to rescind . . . Waiver of a right to rescind will be presumed against a party who, having full knowledge of the circumstances which would warrant him in rescinding, nevertheless accepts and retains benefits accruing to him under the contract." *Neet v. Holmes* (1944) 25 Cal.2d 447, 457-458; *see Saret-Cook v. Gilbert, Kelly, Crowley & Jennett* (1999) 74 Cal.App.4th 1211, 1226.

Here, Plaintiff alleges that she, through her parents, signed a writing in 2006 that gave Defendants "any rights whatsoever to Plaintiff's Rights, images, photographs or likenesses of Plaintiff taken by Defendants or others." Complaint at ¶¶25-30. But Plaintiff failed to assert that Plaintiff and Defendant actually entered into a contract, failed to attach a copy of the any contract, and failed to set forth any contract's terms with any specificity. Also, Plaintiff failed to identify consideration that was required of and made by Defendant Brubaker or that Plaintiff has made any offer to restore that consideration. Therefore, Plaintiff has failed both to assert facts sufficient to establish this cause of action and to provide the contract, as required. Therefore, demurrers, general under Code of Civil Procedure Section 430.10(e) and special under Section 430.10(g), should be sustained.

*B. The Cause of Action is Time-barred.*

A plaintiff's action on a contract must be brought within four years if the contract is in writing (Code Civ. Proc. §337(1)) or two years if oral (Code Civ. Proc. §339(1)).

Plaintiff asserts that the writing in question was signed, if it was signed at all, in 2006, more than six years before this action was filed in December 2012. Thus, Plaintiff brought this action too late under either provision of the applicable statute of limitations and is, therefore, time-barred.

For the reasons stated above, the Complaint fails to state a cause of action for rescission and rescission is not timely under the applicable statute of limitations; thus, the demurrer should be sustained without leave to amend.

V. THE FOURTH CAUSE OF ACTION FAILS TO STATE SUFFICENT FACTS TO CONSTITUTE A CAUSE FOR ACTION, IS BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS, AND IS UNCERTAIN.

*A. The Complaint Fails to State Facts Sufficient to Constitute a Cause of Action.*

Fraud must be specifically pleaded: "The effect of this rule is twofold: (a) General pleading of the legal conclusion of 'fraud' is insufficient and the facts constituting the fraud must be alleged; (b) Every element of the cause of action for fraud must be alleged in the proper manner (i.e., factually and specifically), and the policy of liberal construction of the pleadings . . . will not ordinarily be invoked to sustain a pleading defective in any material respect." *Committee on Children's Television, Inc. v. General Foods Corp.* (1983) 35 Cal. 3d 197, 216 (internal citations omitted).

To establish a claim for fraud, a plaintiff must assert: "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage " *Engalla v. Permanente Medical Group, Inc.* (1997) 15

Cal.4th 951, 954 (internal quotation marks omitted); *see also Molko v. Holy Spirit Ass'n* (1988) 46 Cal.3d 1092, 1108. To fulfill the particularity requirement, the complaint must allege facts showing how, when, where, to whom, and by what means the representations were tendered. *Stansfield v. Starkey* (1990) 220 Cal.App.3d 59, 73.

Here, Plaintiff failed to plead the elements of fraud with the required specificity. Plaintiff also failed to identify which form of fraud she is alleging. Defendant therefore is unable to ascertain of what she is being accused. Instead, Plaintiff makes only vague and conclusory assertions and provides no facts in support. Notably, Plaintiff asserted no facts regarding: (1) how Defendant Brubaker misrepresented (stating only that she did so); (2) how Defendant Brubaker profited at the expense of Plaintiff (damage); (3) scienter; or, (4) intent. Complaint at ¶¶34-40. Accordingly, the Court should sustain this demurrer pursuant to Code of Civil Procedure Section 430.10(e).

*B. The Cause of Action is Time-barred and Subject to the Heightened Pleading Requirements Under the Discovery Rule.*

An action for fraud must be brought within three years of discovery of the facts establishing the fraud and the plaintiff bears the burden of pleading the facts surrounding delayed discovery. Code Civ. Proc., §338(d), *see E-Fab, Inc.,* 153 Cal.App.4th at 1319 (regardless of which limitation statute applied to case, burden is on plaintiff). Code of Civil Procedure Section 338(d) "effectively codifies the delayed discovery rule in connection with actions for fraud . . . ." *Brandon G. v. Gray* (2003) 111 Cal.App.4th 29, 35. Relatedly, the limitations period commences to run, "when the aggrieved party could have discovered the . . . mistake through the exercise of reasonable diligence." *Creditors Collection Serv. v. Castaldi* (1995) 38 Cal.App.4th 1039, 1044.

Here, Plaintiff failed to plead any facts regarding how or when she discovered the alleged fraud as required for discovery-based statutes of limitations (*see*

Section III, *supra*). The only date that Plaintiff identifies in her Complaint is 2006 (Complaint at ¶¶6-7), more than six years before the filing of this action. Therefore, this cause of action is time-barred by Section 338(d) and barred for insufficient pleading relating to the discovery.

Accordingly, the court should sustain this demurrer without leave to amend for the failure to state facts sufficient to establish a cause of action for fraud as well as because the cause of action is time-barred by the applicable statute of limitations and is insufficiently pled under the discovery rule.

*C. The Cause of Action is Uncertain and Thus Subject to Special Demurrer.*

Finally, Plaintiff's failure to allege any facts specific to this cause of action renders it legally uncertain as being ambiguous and unintelligible. Code Civ. Proc. §430.10(f). Plaintiff, as discussed above, does not provide facts sufficient for Defendant Brubaker to understand or respond to this cause of action. Instead, Plaintiff relies only on conclusory statements. Because the pleading is uncertain, the court should sustain this special demurrer, without leave to amend.

VI. THE FIFTH CAUSE OF ACTION FAILS TO STATE SUFFICENT FACTS TO CONSTITUTE A CAUSE OF ACTION, IS BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS, IS NOT PROPER SUBJECT MATTER FOR THIS COURT'S JURISDICTION, AND IS UNCERTAIN.

*A. This Matter is Not Proper Subject Matter for This Court's Jurisdiction.*

Modeling managers are subject to the Talent Agencies Act, Labor Code Sections 1700 *et seq*. Lab. Code §1700.4. As such, controversies regarding the actions of an alleged modeling manager, even an unlicensed one, must first be brought to the Labor Commissioner, who has exclusive jurisdiction over such disputes, before bringing them to the Superior Court. *See* Lab. Code § 1700.44(a) ("In cases of controversy arising under this chapter, the parties involved shall refer the matters in dispute to the Labor Commissioner, who shall hear and determine

the same, subject to an appeal within 10 days after determination, to the superior
court where the same shall be heard *de novo*"), and *Buchwald v Katz* (1972) 8
Cal.3d 493 (The Labor Commissioner had exclusive jurisdiction over a dispute
with an unlicensed manager, subject to a *de novo* appeal to the superior court
within 10 days).

Here, Plaintiff claims that Defendant Brubaker promised to act as Plaintiff's
modeling manager and thus there existed a fiduciary relationship between the
parties. Complaint at ¶¶41-45. But Plaintiff has not brought this matter before the
Labor Commissioner as required. Therefore, this court does not have proper
subject matter jurisdiction over this cause of action and the demurrer under Code
of Civil Procedure Section 430.10(a) must be sustained.

*B. The Complaint Fails to State Facts Sufficient to Constitute a Cause of Action.*

To establish a breach of fiduciary duty cause of action, a plaintiff must plead
"the existence of a fiduciary relationship, its breach, and damage proximately
caused by that breach." *City of Atascadero v. Merrill Lynch, Pierce, Fenner &
Smith, Inc.* (1998) 68 Cal.App.4th 445, 483. "In order to plead a cause of action for
breach of fiduciary duty, there must be an adequate showing of each of these
elements." *Id.*

"A fiduciary relationship is created where a person reposes trust and
confidence in another and the person in whom such confidence is reposed obtains
control over the other person's affairs." *Lynch v. Cruttenden & Co.* (1993) 18
Cal.App.4th 802, 809.  California courts have rejected attempts to extend fiduciary
obligations to relationships where the imposition of such an affirmative duty is
unwarranted. *Oakland Raiders v. National Football League* (2005) 131
Cal.App.4th 621, 633.  When a relationship is merely a contractual one or "where
other legal relationships clearly existed between the parties which 'covered' the
transaction in suit and which were inconsistent with the existence of fiduciary
duty" California courts have found that there was no fiduciary relationship. *Id.* at

634 (citing Chodos, *The Law of Fiduciary Duties*, 2000, p. 61.). *See also Waverly Productions, Inc. v. RKO General, Inc.* (1963) 217 Cal.App.2d 721, 732 ("[a] mere contract or a debt does not constitute a trust or create a fiduciary relationship").

Here, Plaintiff failed to plead facts showing that a fiduciary relationship existed between the parties. Plaintiff makes only the conclusory allegation that a fiduciary duty existed because "Defendant Brubaker promised to be Plaintiff's modeling manager in exchange for receiving 20% of the funds received from Plaintiff's Rights . . . ." Complaint at ¶42. However, courts have repeatedly held that just because there is a contingency income and some sort of "trust and confidence" is expected, it does not convert the parties' relationship to a fiduciary one. *See generally Wolf v. Superior Court (Walt Disney Pictures and Television)* (2003) 107 Cal.App.4th 25 and *City of Hope National Medical Center vs. Genentech, Inc.* (2008) 43 Cal.4th 375 (discussing fiduciary and non-fiduciary relationships).

Furthermore, Plaintiff failed to plead facts as how any alleged duty was breached and what damages were proximately caused by any such breach. Defendant Brubaker cannot know from the Complaint what she is being accused of doing. Therefore, plaintiff has not pled facts establishing this cause of action.

*C. This Cause of Action is Time-barred and Insufficiently Pled Under the Discovery Rule.*

The Code of Civil Procedure does not specify a statute of limitations for breach of fiduciary duty; however, "[t]he statute of limitations that applies to an action is governed by the gravamen of the complaint, not the cause of action pled." *City of Vista v. Robert Thomas Securities, Inc.* (2000) 84 Cal.App.4th 882, 889. "[W]here the gravamen of the complaint is that defendant's acts constituted actual or constructive fraud, the applicable statute of limitations is the [Code of Civil Procedure section 338, subdivision (d)[,] three-year] limitations period," governing fraud even though the cause of action is designated by the plaintiff as a claim for

breach of fiduciary duty." *Thomson v. Canyon* (2011) 198 Cal.App.4th 594, 607 (internal citation omitted). *See also City of Vista* at 889 (three-year statute of limitations for fraud governed breach of fiduciary cause of action when gravamen of complaint was that broker-dealer's acts in connection with purchase of securities constituted fraud or constructive fraud).

A claim accrues upon discovery of the facts establishing a cause of action for breach of fiduciary duty and, as such, is covered by the discovery rule and its heightened pleading requirements (*see* Sections III, V, *supra*). Notably, "[a] person in a fiduciary relationship may relax, but not fall asleep" -- that is, even in a fiduciary relationship, a plaintiff has a duty to investigate once she becomes aware of facts which would make a reasonably prudent person suspicious. *Alfaro v. Community Housing Improvement System & Planning Assn., Inc.* (2009) 171 Cal.App.4th 1356, 1394.

Here, the gravamen of Plaintiff's claim is fraud because she asserts that the allegedly fraudulent conduct of Defendant Brubaker was at the heart of the alleged breach. Therefore, the appropriate statute of limitations is three years pursuant to Section 338(d) and Plaintiff's claim must have arisen after December 2009 to be timely. However, Plaintiff did not so plead.

Further, the strict pleading requirements of the discovery rule apply here under the same statute. But Plaintiff also failed to plead any facts as to when she was put on notice of a possible cause of action, her reasonable diligence, or when she first became suspicious.

For the reasons stated above, Plaintiff failed to plead facts sufficient to establish a cause of action, the court does not have subject matter jurisdiction, the cause of action is time-barred, and the action is not sufficiently pled under the discovery rule. Therefore, the Court should sustain this demurrer, without leave to amend.

//

*D. This Cause of Action is Uncertain and Subject to Special Demurrer.*

As shown above, Plaintiff's pleading is so vague and ambiguous that Defendant Brubaker is unable to understand any specifics of the claims made against her. Accordingly, this Cause of Action is uncertain pursuant to Code of Civil Procedure Section 430.10(f) and this Court should sustain the special demurrer for uncertainty.

VII. CONCLUSION

Defendant Brubaker respectfully requests that this Court sustain her general and special demurrers to Plaintiff's Complaint for each of the above-stated reasons. Defendant Brubaker also asks the Court to deny leave to amend the as any amendment cannot cure its multiple defaults.

Dated May 22, 2013

Respectfully submitted,

s/Leslie Burns

_____

Leslie Burns
California Bar No. 276687
Attorney of Record for Defendant
Dani Brubaker

**Proof of Electronic Service**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES.

I, TYRA HUGHLEY SMITH am employed in the County of LOS ANGELES State of California. I am over the age of 18 and not a party to this action. My business address is 10929 Morrison Street, Unit #2, North Hollywood, CA 91601.

On May 22, 2013, I effected electronic service of the foregoing document(s) described as **DEFENDANT BRUBAKER'S NOTICE OF DEMURRER AND DEMURRER TO COMPLAINT; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** on the interested parties listed below:

Larry Hall
Attorney of Record for Plaintiff, Pili Marco
The Hall Law Corporation
400 Continental Boulevard, Sixth Floor
El Segundo, California 90245

By submitting an electronic version of the document(s) via email to:
larry@larryhalllaw.com

as per prior agreement and stipulation thereto.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 22, 2013 at North Hollywood, California

　　　／s／ Tyra Hughley Smith　　　　　　

Tyra Hughley Smith

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Leslie Burns (276687) & Carolyn E. Wright (263960)

Law Office of Carolyn E. Wright, LLC

POBox 440 Glenbrook, NV 89413

TELEPHONE NO.: 213.632.9871          FAX NO. *(Optional):* 775.588.5961
E-MAIL ADDRESS *(Optional):* leslie@photoattorney.com
ATTORNEY FOR *(Name):* Defendant Dani Brubaker

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 825 Maple Avenue
MAILING ADDRESS:
CITY AND ZIP CODE: Torrance, CA 90503
BRANCH NAME: Southwest Division

PLAINTIFF/PETITIONER: Pili Marco

DEFENDANT/RESPONDENT: Dani Brubaker, et al

**CASE MANAGEMENT STATEMENT**

*(Check one):*  ✔ **UNLIMITED CASE** (Amount demanded exceeds $25,000)   ☐ **LIMITED CASE** (Amount demanded is $25,000 or less)

CASE NUMBER: YC068263

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: June 18, 2013      Time: 8:30am      Dept.: B      Div.:      Room:

Address of court *(if different from the address above):*

☐ Notice of Intent to Appear by Telephone, by *(name):*

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ✔ This statement is submitted by party *(name):* Dani Brubaker, defendant
   b. ☐ This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not):*
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*
      (3) ☐ have had a default entered against them *(specify names):*
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in  ✔ complaint   ☐ cross-complaint   *(Describe, including causes of action):*
   Misappropriation of likeness (statutory & common law); Rescission; Fraud; Breach of Fiduciary Duty

Page 1 of 5

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

CM-110

| PLAINTIFF/PETITIONER: Pili Marco | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Dani Brubaker, et al | YC068263 |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*
Plaintiff alleges Defendant Brubaker make photographs of Plaintiff and used those photographs in some manner, without permission of Plaintiff or her parents. Plaintiff further alleges Brubaker fraudulently represented that she would be Plaintiff's modeling manager.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
The party or parties request ☑ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
a. ☐ The trial has been set for *(date):*
b. ☑ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*
c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a. ☑ days *(specify number):* 3-4
b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☑ by the attorney or party listed in the caption ☐ by the following:
a. Attorney:
b. Firm:
c. Address:
d. Telephone number:
e. E-mail address:
☐ Additional representation is described in Attachment 8.
f. Fax number:
g. Party represented:

9. **Preference**
☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
(1) For parties represented by counsel: Counsel ☑ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
(2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.
b. **Referral to judicial arbitration or civil action mediation** (if available).
(1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
(2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
(3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

**CM-110**

| PLAINTIFF/PETITIONER: Pili Marco | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Dani Brubaker, et al | YC068263 |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in (check all that apply and provide the specified information):

| | The party or parties completing this form **are willing** to participate in the following ADR processes (check all that apply): | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes (attach a copy of the parties' ADR stipulation): |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for (date):<br>☐ Agreed to complete mediation by (date):<br>☐ Mediation completed on (date): |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for (date):<br>☐ Agreed to complete settlement conference by (date):<br>☐ Settlement conference completed on (date): |
| (3) Neutral evaluation | ☑ | ☑ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for (date):<br>☐ Agreed to complete neutral evaluation by (date):<br>☐ Neutral evaluation completed on (date): |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for (date):<br>☐ Agreed to complete judicial arbitration by (date):<br>☐ Judicial arbitration completed on (date): |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for (date):<br>☐ Agreed to complete private arbitration by (date):<br>☐ Private arbitration completed on (date): |
| (6) Other (specify): | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for (date):<br>☐ Agreed to complete ADR session by (date):<br>☐ ADR completed on (date): |

CM-110 [Rev. July 1, 2011]                    **CASE MANAGEMENT STATEMENT**                    Page 3 of 5

CM-110

| PLAINTIFF/PETITIONER: Pili Marco | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Dani Brubaker, et al | YC068263 |

**11. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☑ Other *(specify):*

Status: At least one of the claims is jurisdictionally barred by Lab. Code Section 1700 et seq.

**13. Related cases, consolidation, and coordination**

a. ☑ There are companion, underlying, or related cases.

    (1) Name of case: Brubaker v Marco Fine Arts

    (2) Name of court: U.S. District Court, Central District of California

    (3) Case number: 12-cv-09608

    (4) Status: stays pending outcome of this state case (Plaintiff is niece of defendant in federal case)

    ☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

☑ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

Demurrer; Summary Judgment

**16. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☑ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Defendant Brubaker | depositions of Plaintiff/her parents | August 2013 |
| (same) | written requests for discovery to Plaintiff | Late June 2013 |

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

CM-110

| PLAINTIFF/PETITIONER: Pili Marco | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Dani Brubaker, et al | YC068263 |

17. **Economic litigation**

    a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

    b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

18. **Other issues**

    ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

19. **Meet and confer**

    a. ☑ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

        conferred telephonically on May 17, 2013.

    b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*
no issues of ESI;
discovery should not be a long process but should wait until after the demurrer is decided
service by email is agreed to and a stipulation reflecting that will be filed.

20. Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: May 20, 2013

Leslie Burns
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

    ☐ Additional signatures are attached.

CM-110 [Rev. July 1, 2011]     **CASE MANAGEMENT STATEMENT**     Page 5 of 5

**Proof of Electronic Service**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES.

I, TYRA HUGHLEY SMITH, am employed in the County of LOS ANGELES State of California. I am over the age of 18 and not a party to this action. My business address is 10929 Morrison Street, Unit #2, North Hollywood, CA 91601.

On May 22, 2013, I effected electronic service of the foregoing document(s) described as **DEFENDANT BRUBAKER'S CM-110** on the interested parties listed below:

Larry Hall
Attorney of Record for Plaintiff, Pili Marco
The Hall Law Corporation
400 Continental Boulevard, Sixth Floor
El Segundo, California 90245

By submitting an electronic version of the document(s) via email to:
larry@larryhalllaw.com

as per prior agreement and stipulation thereto.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 22, 2013 at North Hollywood, California

_____/s/ Tyra Hughley Smith_

Tyra Hughley Smith

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Laurence C. Hall, SBN 053681<br>400 Continental Blvd., Sixth Floor<br>El Segundo, CA 90245<br><br>TELEPHONE NO.: 310-426-2206    FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Plaintiff | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 825 Maple Avenue
MAILING ADDRESS:
CITY AND ZIP CODE: Torrance, CA 90503
BRANCH NAME: SOUTHWEST

PLAINTIFF/PETITIONER: Pili Marco by and through her Guardian Ad Litem

DEFENDANT/RESPONDENT: Dani Brubaker, et al

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>YC068263 |
|---|---|

TO *(insert name of party being served):* Dani Brubaker

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: April 24, 2013

Becky Tucker
_____
(TYPE OR PRINT NAME)

► *Becky Tucker*
_____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [✓] A copy of the summons and of the complaint.
2. [✓] Other *(specify):*
   Order To Show Cause Hearing; Notice of Case Management Conference; ADR Package;
   Application and Order For Appointment of Guardian Ad Litem; Notice of Case Reassignment and
   of Order for Plaintiff to Give Notice

*(To be completed by recipient):*
Date this form is signed: April ~~ May 8~~, 2013

Dani Brubaker
_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

► *Carolyn E. Wright  Attorney for*
_____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)
*Dani Brubaker*

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL

Page 1 of 1
Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov