**CM-110**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Laurence C. Hall, SBN 053681<br>THE HALL LAW CORPORATION<br>400 Continental Blvd., 6th Floor, El Segundo, CA 90245<br>TELEPHONE NO.: 310-426-2206　FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: Plaintiff, | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 825 Maple Avenue
MAILING ADDRESS:
CITY AND ZIP CODE: Torrance, CA 90503
BRANCH NAME: SOUTHWEST DISTRICT

PLAINTIFF/PETITIONER: PILI MARCO

DEFENDANT/RESPONDENT: DANI BRUBAKER

| **CASE MANAGEMENT STATEMENT** | | CASE NUMBER: |
|---|---|---|
| *(Check one):* ☑ UNLIMITED CASE<br>(Amount demanded<br>exceeds $25,000) | ☐ LIMITED CASE<br>(Amount demanded is $25,000<br>or less) | YC068263 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: May 14, 2013　　Time: 8:30 a.m.　　Dept.: B　　Div.:　　Room:

Address of court *(if different from the address above)*:

☐ Notice of Intent to Appear by Telephone, by *(name)*:

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☑ This statement is submitted by party *(name)*: Plaintiff, Pili Marco By and Through Her Guardian Ad Litem
   b. ☐ This statement is submitted **jointly** by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*: December 5, 2012
   b. ☐ The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☑ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not)*:

      (2) ☑ have been served but have not appeared and have not been dismissed *(specify names)*:
         Defendant, Dani Brubaker. See Hall Declaration
      (3) ☐ have had a default entered against them *(specify names)*:

   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served)*:

4. **Description of case**
   a. Type of case in ☑ complaint ☐ cross-complaint *(Describe, including causes of action)*:
      Misappropriation of right of publicity/right of privacy; Misappropriation of common law right of publicity;
      Rescission; Fraud; Breach of fiduciary duty

Page 1 of 5

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,<br>rules 3.720–3.730<br>www.courts.ca.gov

CM-110

| | CASE NUMBER: |
|---|---|
| PLAINTIFF/PETITIONER: PILI MARCO | YC068263 |
| DEFENDANT/RESPONDENT: DANI BRUBAKER | |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

Plaintiff alleges that Defendant Brubaker took professional portrait photographs of Plaintiff without permission to use her images, likenesses, photographs or publicity rights, privacy rights. Thus, Defendant is liable to Plaintiff for the infringement of her publicity rights, privacy rights and related rights. Amount is unknown and yet to be determined as discovery is necessary.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**

The party or parties request ☑ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
a. ☐ The trial has been set for *(date):*
b. ☑ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*
February 28th thru March 22, 2014 - trial

7. **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a. ☑ days *(specify number):* 5
b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☑ by the attorney or party listed in the caption ☐ by the following:
a. Attorney:
b. Firm:
c. Address:
d. Telephone number:
e. E-mail address:
f. Fax number:
g. Party represented:
☐ Additional representation is described in Attachment 8.

9. **Preference**
☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

(1) For parties represented by counsel: Counsel ☑ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.

b. **Referral to judicial arbitration or civil action mediation** (if available).

(1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

**CM-110**

| PLAINTIFF/PETITIONER: PILI MARCO | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: DANI BRUBAKER | YC068263 |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply):* | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation):* |
|---|---|---|
| (1) Mediation | ☑ | ☑ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date):*<br>☐ Agreed to complete mediation by *(date):*<br>☐ Mediation completed on *(date):* |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date):*<br>☐ Agreed to complete settlement conference by *(date):*<br>☐ Settlement conference completed on *(date):* |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date):*<br>☐ Agreed to complete neutral evaluation by *(date):*<br>☐ Neutral evaluation completed on *(date):* |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date):*<br>☐ Agreed to complete judicial arbitration by *(date):*<br>☐ Judicial arbitration completed on *(date):* |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date):*<br>☐ Agreed to complete private arbitration by *(date):*<br>☐ Private arbitration completed on *(date):* |
| (6) Other *(specify):* | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date):*<br>☐ Agreed to complete ADR session by *(date):*<br>☐ ADR completed on *(date):* |

CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

**Page 3 of 5**

CM-110

| PLAINTIFF/PETITIONER: PILI MARCO | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: DANI BRUBAKER | YC068263 |

11. **Insurance**
   a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
   b. Reservation of rights: ☐ Yes ☐ No
   c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

12. **Jurisdiction**
   Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
   ☐ Bankruptcy ☐ Other *(specify):*
   Status:

13. **Related cases, consolidation, and coordination**
   a. ☐ There are companion, underlying, or related cases.
       (1) Name of case:
       (2) Name of court:
       (3) Case number:
       (4) Status:
       ☐ Additional cases are described in Attachment 13a.
   b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

14. **Bifurcation**
   ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

15. **Other motions**
   ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

16. **Discovery**
   a. ☐ The party or parties have completed all discovery.
   b. ☑ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Plaintiff | deposition of Defendant | June 2013 |
| Plaintiff | written discovery to Defendant | June 2013 |

   c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: PILI MARCO | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: DANI BRUBAKER | YC068263 |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

No appearance as yet by Defendant.

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: April 29, 2013

Laurence C. Hall
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

# **PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF RIVERSIDE**

I am employed in the County of Riverside, California. I am over the age of eighteen years and not a party to the within cause; my business address is 36856 Quasar Place, Murrieta, CA 92563.

On April 29, 2013, I served the within following documents: **CASE MANAGEMENT STATEMENT** on the interested parties in said cause, by the placing true copies thereof enclosed in sealed envelopes addressed as follows:

Dani Brubaker
P.O. Box 363
El Segundo, CA 90245

**XX** **(CERTIFIED-First Class Mail)** I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Murrieta, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

____ **(By Facsimile)**  The above-described document(s) were sent by facsimile transmission to the facsimile number(s) of the law offices) stated below.  The transmission was reported as complete and without error.

____ **BY FEDERAL EXPRESS.   (PRIORITY OVERNIGHT)** I deposited such envelope in the Federal Express Depository at Murrieta, California.  The envelope was mailed with postage thereon fully prepaid.

____ **By Personal Service**, I caused such envelope(s) to be delivered by hand to the individuals so indicated at the address listed.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on <u>April 29, 2013</u>, at Murrieta, California.

_____
Becky Tucker

CASE MANAGEMENT STATEMENT
Page 1 of 1

Laurence C. Hall (SBN 053681)
**THE HALL LAW CORPORATIO**N
A Professional Law Corporation
400 Continental Blvd., Sixth Floor
El Segundo, California 90245
Telephone: (310) 426-2206
Facsimile: (760) 564-7339

Attorneys for Plaintiff,
PILI MARCO, by and through her guardian ad
Litem, Tony Marco

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES-SOUTHWEST DISTRICT

| | |
|---|---|
| PILI MARCO BY AND THROUGH HER GUARDIAN AD LITEM, TONY MARCO | : Case No. YC 068263 |
| | : [Assigned to:  Hon. Judge Stuart M. Rice, Dept. B] |
| Plaintiffs, | : |
| | : Complaint Filed:   December 5, 2012 |
| vs. | : |
| | : **DECLARATION OF LAURENCE C. HALL RE** |
| DANI BRUBAKER, individually, and DOES 1 through 20, inclusive | : **OSC RE SERVICE OF DEFENDANT AND** |
| | : **CASE MANAGEMENT CONFERENCE** |
| Defendants. | : Date:   May 14, 2013 |
| | : Time:   8:30 a.m. |
| | : Dept:   B |
| | : |

## DECLARATION OF LAURENCE C. HALL

I, Laurence C. Hall, do hereby declare:

1.  I am an attorney at law, licensed and in good standing with the State Bar of California to practice law before this Court.  I am counsel for plaintiff in this case.  Plaintiff, Pili Marco is a minor and appears in this case through her guardian ad litem, Tony Marco, her father. I have reviewed the file in this matter, and the facts stated herein are personally known to me and if called as a witness, I could and would competently testify to the truth of the facts set forth in this declaration.

2.  Plaintiff filed her complaint in this case on December 5, 2012. The summons couldn't be issued without a Guardian ad Litem order which was presented on January 3, 2013 at which

1    time the summons was issued on January 3, 2013. The complaint seeks damages for

2    misappropriation and invasion of privacy rights, violation of rights of publicity, violations of Civil

3    Code §3344, fraud, and breach of fiduciary duties, in addition to other causes of action against

4    Defendant Dani Brubaker who claims to be a photographer / agent. Brubaker, totally

5    unsolicited by plaintiff or her parents, approached plaintiff's parents when Pili Marco was 4

6    years old, while they were deplaning at LAX after coming home from a trip. Brubaker

7    represented that she would be Pili Marco's "modeling manager," and as a part of guiding Pili

8    Marco through that process would take and provide professional photographs of Pili Marco, in

9    exchange for 20% of the profits.  Plaintiff alleges that Brubaker did not ask for or receive

10   Plaintiff's permission to use her images, likenesses, photographs or her publicity rights or

11   privacy rights, but that Defendant Brubaker has used and continues to use Plaintiffs'

12   photographs, images for her own personal profit.

13   3.    As soon as I obtained the summons, I requested Anne LaJeune, of LaJeune

14   Investigations, of El Segundo, who has a proven track record of locating and serving difficult to

15   find subjects, to immediately begin a comprehensive investigation into the current whereabouts

16   of Brubaker, to obtain a viable service location for Brubaker and to serve Brubaker. Ms.

17   LaJeune's process server, Ryan Lancaster attempted to serve Defendant Brubaker between

18   January 25, 2013 and February 6, 2013 without success at her Hermosa Beach address.

19   4.   My assistant, Becky Tucker, obtained Dani Brubaker's residential address that she has

20   included with her copyright registrations which is the Tennyson Place residence in Hermosa

21   Beach, California at which process server Lancaster attempted service.

22   5.   Since we believed Defendant Brubaker's residence was in Hermosa Beach and could not

23   get her served, I appeared, ex parte, on February 20, 2013 for an order to allow service of the

24   summons and complaint on defendant Dani Brubaker by way of publication. Department A was

25   dark and therefore, I was directed to Judge See' department. Judge See ordered that I

26   resubmit the request for a publication order using the Los Angeles County Superior Court

27   forms which was submitted on March 14, 2013.  My court filing service, DDS Legal Service has

28

1   repeatedly followed up to obtain the status and hopefully a signed copy of the publication order

2   without any success.

3      6.  Our extensive research reveals that Defendant Brubaker is a frequent traveler going

4   overseas to Paris and Frankfurt and is totally "off the grid". She literally has no available

5   information that would lead to personal service. She has apparently no driver's license, no

6   utility bills, no telephone, no website with a hard address, and no court filings. All we can locate

7   is an El Segundo United States Post Office box number.

8      7.  Brubaker has brought an alleged copyright infringement federal court action against a third

9   party, a company owned by Plaintiff's uncle. The federal action has been stayed pending the

10   outcome of this matter given that the Plaintiff contends Brubaker has no legal right to the

11   photographs she claims she owns of Plaintiff and claims in federal court plaintiff's uncle has

12   violated her copyright.

13      8.  We have twice served Brubaker by mail at her El Segundo United States Post Office box.

14   She picked up the envelope with the summons and complaint on March 22, 2013. Through her

15   federal court counsel, she claims that she was not provided with the summons, notice and

16   acknowledgement correctly dated, and a self-addressed, stamped return envelope. Thereafter

17   we sent the Summons, Complaint, 2 notices of acknowledgments, self-addressed, stamped

18   return envelope, Order to Show Cause Hearing, Notice of Case Management Conference,

19   Application and Order For Appointment of Guardian Ad Litem, ADR Packet, and Notice of

20   Case Reassignment and of Order for Plaintiff to Give Notice on April 24, 2013.

21      9.  Brubaker's federal court counsel was provided a copy of the complaint in this action on

22   March 1, 2013 as it was an exhibit in the defendant's motion for a stay. Brubaker's counsel

23   was strongly encouraged by the federal court to file a responsive pleading in this action. I

24   believe that Brubaker will do so in the next 30 to 45 days.

25   ///

26   ///

27   ///

28   ///

1       I declare, under penalty of perjury, and the laws of the State of California that the

2   following is true and correct.  Executed on April 29, 2013, in El Segundo, California.

3

4

5                                            _____

6                                            Laurence C. Hall

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF RIVERSIDE

I am employed in the County of Riverside, California. I am over the age of eighteen years and not a party to the within cause; my business address is 36856 Quasar Place, Murrieta, CA 92563.

On April 29, 2013, I served the within following documents: **DECLARATION OF LAURENCE C. HALL RE OSC RE SERVICE OF DEFENDANT AND CASE MANAGEMENT CONFERENCE** on the interested parties in said cause, by the placing true copies thereof enclosed in sealed envelopes addressed as follows:

Dani Brubaker
P.O. Box 363
El Segundo, CA 90245

**XX** **(CERTIFIED-First Class Mail)** I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Murrieta, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

___ (By Facsimile) The above-described document(s) were sent by facsimile transmission to the facsimile number(s) of the law offices) stated below. The transmission was reported as complete and without error.

___ BY FEDERAL EXPRESS. (PRIORITY OVERNIGHT) I deposited such envelope in the Federal Express Depository at Murrieta, California. The envelope was mailed with postage thereon fully prepaid.

___ By Personal Service, I caused such envelope(s) to be delivered by hand to the individuals so indicated at the address listed.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on <u>April 29, 2013</u>, at Murrieta, California.

_____

Becky Tucker

RECEIVED

MAR 11 2013

SOUTHWEST DISTRICT

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| Laurence C. Hall<br>THE HALL LAW CORPORATION<br>400 Continental Blvd., Ste. 600<br>El Segundo, Ca  90245<br><br>ATTORNEY FOR (Name): Plaintiff | 053681 | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
825 Maple Avenue, Torrance, California 90503

PLAINTIFF:
Pili Marco, by and through her Guardian Ad Litem, Tony Marco

DEFENDANT:
Dani Brubaker, et al.

| APPLICATION FOR PUBLICATION | CASE NUMBER:<br>YC 068263 |
|---|---|

Application is hereby made for an order directing service of the above-captioned summons, citation or notice of hearing on defendant, respondent, citee or DANI BRUBAKER_____ by publication of said summons, citation, notice of hearing, or COMPLAINT AND SUMMONS_____, in the The Beach Reporter_____, which newspaper is adjudicated a newspaper of general circulation in California and most likely to give notice to defendant, respondent, or citee because defendant Dani Brubaker resides in Hermosa Beach and The Beach Reporter is a Hermosa Beach newspaper._____

The COMPLAINT_____ complaint or petition, which is for monetary damages_____ was filed herein on December 5, 2012_____.

A copy of the summons, citation or notice of hearing and the complaint or petition could not be served by any of the following methods for the reason shown:

1. Handing a copy to the person to be served. (Personal service – Code Civ. Proc., § 415.10).

2. Leaving a copy, during usual office hours and in the office of the person to be served, with the person who apparently was in charge and by thereafter mailing copies (by first class mail, postage prepaid) to the person to be served at the place where the copies were left. (Service on a corporation, partnership, association, or public entity - Code Civ. Proc., § 415.20(a)).

3. Leaving a copy at the dwelling house, usual place of abode, or usual place of business of the person to be served in the presence of a competent member of the household or person apparently in charge of his office or place of business, at least 18 years of age, who shall be informed of the general nature of the papers and by thereafter mailing copies (by first class mail, postage prepaid) to the person to be served at the place where the copies were left. (Service on natural person, minor, incompetent, or candidate - Code Civ. Proc., § 415.20(b)).

4. Sending (by first class mail or airmail) a copy to the person to be served, together with two copies of required form of notice and acknowledgement and a return envelope, postage prepaid, addressed to the sender. (Service by mail - Code Civ. Proc., § 415.30).

5. Sending (by registered or certified airmail with return receipt requested) copies to the person to be served. (Service by mail outside the State of California - Code Civ. Proc., § 415.40).

6. Any other method (Code Civ. Proc., §§ 413.10, 413.30).

| Short Title | Case Number |
|---|---|
| Marco v Brubaker | YC 068263 |

State below the reasonable attempts to serve the defendant/respondent/citee. If the service could not be made because the dwelling house, normal place of abode, or the usual place of business of the defendant/respondent/citee is unknown, state below the efforts made to determine these locations. If necessary, attach declarations of search, declarations by investigators, etc., to this declaration.

Please see the attached Declarations of Ryan Lancaster, Anne La Juenesse, Laurence C. Hall and Becky Tucker, all of which set forth the attempts of serving Defendant Dani Brubaker and compliance with the applicable Code of Civil Procedure sections for service.

Date executed _____ March4,2013 , at El Segundo _____, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Laurence C. Hall
_____
        (Print Name of Declarant)

_____
        (Signature of Declarant)

IF COMPLAINT OR PETITION IS NOT VERIFIED, THE DECLARATION OF MERITS BELOW MUST ALSO BE COMPLETED:

Tony Marco as GAL for Pili Marco _____ states: I am the plaintiff or petitioner in the above-mentioned action. I have fully and fairly stated the facts of said case to Laurence C. Hall who is my counsel and I am informed and believe that Dani Brubaker _____ is a necessary party to my complaint or petition on file herein, or the complaint or petition correctly states a cause of action against defendant/respondent and is incorporated herein by reference as though fully set out. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date executed _____ March4,2013 , at _____, California.

Tony Marco
_____
        (Print Name of Declarant)

_____
        (Signature of Declarant)

LACIV 108 (Rev. 01/07)
LASC Approved 03-04

**APPLICATION FOR PUBLICATION**

Code Civ. Proc., § 415.50
Page 2 of 2

Laurence C. Hall (SBN 053681)
**THE HALL LAW CORPORATION**
A Professional Law Corporation
400 Continental Blvd., Sixth Floor
El Segundo, California 90245
Telephone: (310) 426-2206
Facsimile: (760) 564-7339

Attorneys for Plaintiff,
PILI MARCO, by and through her guardian ad
Litem, Tony Marco

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES-SOUTHWEST DISTRICT

| | |
|---|---|
| PILI MARCO BY AND THROUGH HER GUARDIAN AD LITEM, TONY MARCO | Case No. YC 068263<br>Assigned to: Hon. |
| Plaintiffs, | Complaint Filed: |
| vs. | **DECLARATIONS OF LAURENCE C. HALL AND BECKY TUCKER IN SUPPORT OF EX PARTE APPLICATION FOR AN ORDER TO SERVE DEFENDANT DANI BRUBAKER WITH THE SUMMONS BY PUBLICATION** |
| DANI BRUBAKER, individually, and DOES 1 through 20, inclusive | |
| Defendants. | Date:<br>Time:<br>Dept: |

## <u>DECLARATION OF LAURENCE C. HALL</u>

I, Laurence C. Hall, do hereby declare:

1. I am an attorney at law, licensed and in good standing with the State Bar of California to practice law before this Court. I am counsel for plaintiff in this case. Plaintiff, Pili Marco is a minor and appears in this case through her guardian ad litem, Tony Marco; her father. I submit this declaration on behalf of the plaintiff's Application for An Order to Serve Defendant Dani Brubaker with the Summons by Publication. I have reviewed the file in this matter, and the facts stated herein are personally known to me and if called as a witness, I could and would competently testify to the truth of the facts set forth in this declaration.

///

2.   I appeared, ex parte, on February 20, 2013 for an Order to allow service of the Summons and Complaint on defendant Dani Brubaker and for a order to show cause re service in Department A, which was dark that day. Judge See, who was taking Department A's calendar, denied Plaintiff's ex parte without prejudice, requested that I resubmit the request using the Los Angeles County Superior Court forms, which are attached, and continued the OSC to May 14, 2013 at 8:30 a.m., the date of the case management conference.

3.   I am seeking this publication order because after multiple attempts at service with no Success. My research is that Defendant Brubaker is a frequent traveler going overseas to Paris and Frankfurt and that she lives in somewhere in the South Bay, either in or near Hermosa Beach of El Segundo.  Further, she has brought an alleged copyright infringement federal court action against a third party, a company owned by Plaintiff's uncle and is attempting to obtain some perceived priority on discovery. Without this publication order, in my opinion, service will never be effectuated.

4.   Plaintiff filed her complaint in this case on December 5, 2012, (with Guardian ad Litem order and Summons issued on January 3, 2013), and seeks damages for misappropriation and invasion of privacy rights, violation of rights of publicity, violations of Civil Code §3344, fraud, and breach of fiduciary duties, in addition to other causes of action against Defendant Dani Brubaker, who claims to be a photographer / agent, who, unsolicited by plaintiff or her parents, approached plaintiff's parents when Pili Marco was 4 years old, representing that she would be Pili Marco's "modeling manager," and as a part of guiding Pili Marco through that process would take and provide professional photographs of Pili Marco, in exchange for 20% of the profits.  Plaintiff alleges that Brubaker did not ask for or receive Plaintiff's permission to use her images, likenesses, photographs or her publicity rights or privacy rights, but that Defendant Brubaker has used and continues to use Plaintiffs' photographs, images for her own personal profit.

5.   I requested Anne LaJeune, of LaJeune Investigations, of El Segundo, who has a proven track record of locating and serving difficult to find subjects, to immediately begin a comprehensive investigation into the current whereabouts and a viable service location for

1  Dani Brubaker, which is addressed in her declaration.  Process Server, Ryan Lancaster

2  attempted to serve Defendant Brubaker between January 25, 2013 and February 6, 2013

3  without success.

4   6.  My assistant, Becky Tucker, obtained Dani Brubaker's residential address that she has

5  included with her copyright registrations. See, Declaration of Becky Tucker. This address is the

6  Tennyson Place residence in Hermosa Beach, California.

7   7.  Since Defendant Brubaker's residence appears to be in Hermosa Beach or El Segundo, I

8  believe publishing these notices in The Beach Reporter, 2615 Pacific Coast Highway, Suite

9  329, Hermosa Beach, California 90254 would be the most effective.

10      I declare, under penalty of perjury, and the laws of the State of California that the

11  following is true and correct.  Executed on March 13, 2013, in El Segundo, California.

Laurence C. Hall

## **DECLARATION OF BECKY TUCKER**

I, Becky Tucker, do hereby declare:

1. I am employed with The Hall Law Corporation, as Larry Hall's assistant. I have reviewed my file in this matter, and the facts stated herein are personally known to me and if called as a witness, I could and would competently testify to the truth of the facts set forth in this declaration.

2. I submit this declaration on behalf of the plaintiff's Application for An Order to Serve Defendant Dani Brubaker with the Summons by Publication.

3. On January 10, 2013, in response to my inquiries, I received information from attorney R. Joseph Trojan, a patent/copyright attorney, with Dani Brubaker's address listed with her copyright registrations: 2805 Tennyson Place, Hermosa Beach, CA 90254.

4. On February 25, 2013, I served on Dani Tennyson at the 2805 Tennyson Place, Hermosa Beach, CA 90254 address, the Complaint and Summons by First Class Mail with an Acknowledgement Form and stamped, return envelope, pursuant to Code of Civil Procedure §415.30. As of this date, I have not received an acknowledgement of receipt of the Complaint or Summons by the defendant.

I declare, under penalty of perjury, and the laws of the State of California that the following is true and correct. Executed on March 5, 2013, in Murrieta, California.

*Becky Tucker*
Becky Tucker

---

DECLARATIONS OF LAURENCE C. HALL AND BECKY TUCKER IN SUPPORT OF PARTE APPLICATION FOR AN ORDER TO PUBLISH SUMMONS
Page - 4

Laurence C. Hall (SBN 053681)
**THE HALL LAW CORPORATION**
A Professional Law Corporation
400 Continental Blvd., Sixth Floor
El Segundo, California 90245
Telephone: (310) 426-2206
Facsimile: (760) 564-7339

Attorneys for Plaintiff,
PILI MARCO, by and through her guardian ad
Litem, Tony Marco

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES-SOUTHWEST DISTRICT

| | |
|---|---|
| PILI MARCO BY AND THROUGH HER GUARDIAN AD LITEM, TONY MARCO : | Case No. YC 068263 |
| : | Assigned to: Hon. Laura C. Ellison, Dept. A |
| Plaintiffs, : | Complaint Filed: |
| vs. : | **DECLARATION OF ANNE LA JEUNESSE IN** |
| : | **SUPPORT OF EX PARTE APPLICATION** |
| DANI BRUBAKER, individually, and DOES : | **FOR AN ORDER TO SERVE DEFENDANT** |
| 1 through 20, inclusive : | **DANI BRUBAKER WITH THE SUMMONS** |
| : | **BY PUBLICATION** |
| Defendants. : | |
| : | Date:  March 13, 2013 |
| : | Time:  8:30 a.m. |
| : | Dept:  A |

## DECLARATION OF ANNE LA JEUNESSE

I, Anne La Jeunesse, declare:

1.     I am a private investigator licensed by the State of California. My license number is: 24311. I have been a licensed and insured private investigator since 2004, which allows me for a fee to subscribe to databases unavailable to the general public. I specialize in serving process on the hard to find and difficult to locate. I have been retained since January 2013 by attorney Laurence Hall, who represents Pili Marco, in Case No. YC068263, *Pili Marco, By and Through her Guardian Ad Litem, Tony Marco vs. Dani Brubaker, Individually and Does 1-20, inclusive.* I have

personal knowledge of the facts contained herein. If called as a witness, I would testify competently as stated herein.

2.      I was engaged by attorney Laurence Hall to locate Ms. Dani Brubaker for the purpose of serving her the Summons and Complaint in the above titled case.

3.      Between January 11 and to March 13, 2013, I consulted various databases, for which I must be licensed and insured to access, to acquire information regarding Ms. Brubaker, including addresses, other names associated with Mr. Brubaker, her Social Security Number, possible phone numbers and email addresses. The databases TLO, Tracersinfo and CLEAR were accessed. I also have been following her in her social media postings.

4.      Information gleaned from those databases was provided to my process servers, Jeff Lancaster and Ryan Lancaster, for their use in attempting to serve Ms. Brubaker.

5.      Throughout January 2013, and as recently as March 13, 2013, I monitored Ms. Brubaker's Facebook, Pinterest and Twitter accounts and her business website – www.danibrubaker.com, attempting to pin down her location. I believe, according to posts on her social media accounts and information on her business website that she travels extensively to New York and to Europe but resides in the South Bay, either in or near El Segundo.

6.      As of March 13, 2013, we have not successfully located or served Ms. Brubaker. My intensive research tells me that she resides in the South Bay and has since 2004. She has resided in Hermosa Beach, Manhattan Beach, Redondo Beach, and El Segundo. She has an active United States Post Office Box, number 363, El Segundo, California 90245-0363. She appears to be "off the grid" and fits a profile of someone who does not want to be easily served with legal papers. I conducted a search of Los Angeles County Superior Court filings. There was a 2011 small claims actions wherein she was a party. The El Segundo post office address was the address she gave the Court for service.

1        I declare under penalty of perjury under the laws of the State of California that the foregoing

2    is true and correct.  Executed in the city of Hawthorne, California on March 13, 2013.

3

4

5                       Anne La Jeunesse

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

DECLARATION OF ANNE LA JEUNESSE- 3

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
LAURENCE C. HALL (Bar#: 053681)
THE HALL LAW CORPORATION
400 CONTINENTAL BLVD., 6TH FLOOR
EL SEGUNDO, CA 90245

TELEPHONE NO.: (310) 426-2206    FAX NO. *(Optional):*
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):*

FOR COURT USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 825 MAPLE AVENUE
MAILING ADDRESS:
CITY AND ZIP CODE: TORRANCE, CA 90503
BRANCH NAME: SOUTHWEST - TORRANCE

PLAINTIFF/PETITIONER: PILI MARCO BY AND THROUGH HER GUARDIAN AD LITEM, TONY MARCO

DEFENDANT/RESPONDENT: DANI BRUBAKER, INDIVIDUALLY

CASE NUMBER:
YC068263

Ref. No. or File No.:

## DECLARATION OF NON-SERVICE

I, RYAN LANCASTER, depose and say that:

I received the within

Summons; Complaint; Alternative Dispute Resolution (ADR) package; APPLICATION AND ORDER FOR APPOINTMENT OF GUARDIAN AD LITEM; ORDER TO SHOW CAUSE HEARING

on **01/14/2013** at **09:35 AM** to be served upon:

**DANI BRUBAKER, INDIVIDUALLY**

After a careful inquiry and due diligence, I have been unable to effect personal service or substituted service upon

**DANI BRUBAKER, INDIVIDUALLY**

The following attempts at service were made:

**20 visits to DANI BRUBAKER, INDIVIDUALLY at :**

| DATE & TIME | REMARKS: |
|---|---|
| 01/14/2013–03:47 PM | 415 Herondo, Apt, 141, Hermosa Beach, Ca 90254. – NO ANSWER AT LOCATION, NO NAMES ON CALL BOX, CANT SEE INTO LOCATION |
| 01/15/2013–02:47 PM | 2205 TENNYSON PLACE HERMOSA BEACH, CA. – BAD ADDRESS, NO SUCH ADDRESS LOCATED. STREET NUMBERS DO NOT MATCH |
| 01/15/2013–09:20 PM | 415 Herondo, Apt, 141, Hermosa Beach, Ca 90254. – NO ANSWER – NO LIGHTS, NO ANSWER AT NEIGHBORS |
| 01/16/2013–07:00 AM | 415 Herondo, Apt, 141, Hermosa Beach, Ca 90254. – NO ANSWER AT LOCATION |
| 01/17/2013–10:05 AM | 415 Herondo, Apt, 141, Hermosa Beach, Ca 90254. – NO ANSWER |
| 01/18/2013–07:45 AM | 415 Herondo, Apt, 141, Hermosa Beach, Ca 90254. – NO ANSWER |
| 01/19/2013–07:30 PM | 415 Herondo, Apt, 141, Hermosa Beach, Ca 90254. NO ANSWER – SPOKE WITH NEIGHBOR WHO STATED THAT SUBJECT WAS UNKNOWN |
| 01/20/2013–08:00 PM | 415 Herondo, Apt, 141, Hermosa Beach, Ca 90254. NO ANSWER – LEFT CALL BACK CARD |
| 01/22/2013–07:05 PM | 415 Herondo, Apt, 141, Hermosa Beach, Ca 90254. CALL BACK CARD STILL THERE, NO ANSWER |
| 01/24/2013–11:35 AM | 415 Herondo, Apt, 141, Hermosa Beach, Ca 90254. SPOKE WITH LEASING OFFICE – DANI MOVED OUT IN DEC OF 2011. NO FORWARDING ADDRESS ON FILE. |
| 01/25/2013–05:55 PM | |

2805 TENNYSON PLACE HERMOSA BEACH, CA – RESIDENTIAL ADDRESS – CAMERAS ON PROPERTY. NO ANSWER ON BOX

01/26/2013–04:52 PM    2805 TENNYSON PLACE HERMOSA BEACH, CA – SAME, NO RESPONSE

01/27/2013–07:05 AM    2805 TENNYSON PLACE HERMOSA BEACH, CA – SAME, NO RESPONSE – SPOKE WITH NEIGHBOR, HE HAD NO IDEA WHO LIVED HERE.

01/29/2013–06:00 PM    2805 TENNYSON PLACE HERMOSA BEACH, CA – NO RESPONSE

01/30/2013–08:50 PM    2805 TENNYSON PLACE HERMOSA BEACH, CA – NO ANSWER

02/03/2013–11:05 AM    2805 TENNYSON PLACE HERMOSA BEACH, CA – NO ANSWER

02/05/2013–12:00 PM    2805 TENNYSON PLACE HERMOSA BEACH, CA – NO ANSWER

02/05/2013–07:21 PM    2805 TENNYSON PLACE HERMOSA BEACH, CA – NO ANSWER

02/06/2013–09:15 AM    2805 TENNYSON PLACE HERMOSA BEACH, CA – NO ANSWER

02/06/2013–09:10 PM    2805 TENNYSON PLACE HERMOSA BEACH, CA – NO ANSWER

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

X _____
RYAN LANCASTER – 7067
LAJEUNE INVESTIGATIONS
214 MAIN STREET, #342
EL SEGUNDO, CA   90245
310-892-6357
Our File# 26980

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>LAURENCE C. HALL (Bar#: 053681)<br>THE HALL LAW CORPORATION<br>400 CONTINENTAL BLVD., 6TH FLOOR<br>EL SEGUNDO, CA 90245 | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: (310) 426-2206      FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  LOS ANGELES
STREET ADDRESS: 825 MAPLE AVENUE
MAILING ADDRESS:
CITY AND ZIP CODE: TORRANCE, CA 90503
BRANCH NAME: SOUTHWEST - TORRANCE

PLAINTIFF/PETITIONER: PILI MARCO BY AND THROUGH HER GUARDIAN AD LITEM, TONY MARCO

DEFENDANT/RESPONDENT: DANI BRUBAKER, INDIVIDUALLY

| CASE NUMBER:<br>YC068263 |
|---|

# DECLARATION OF NON-SERVICE

Ref. No. or File No.:

I, RYAN LANCASTER, depose and say that:

I received the within

Summons; Complaint; Alternative Dispute Resolution (ADR) package; APPLICATION AND ORDER FOR APPOINTMENT OF GUARDIAN AD LITEM; ORDER TO SHOW CAUSE HEARING

on **01/14/2013 at 09:35 AM** to be served upon:

## DANI BRUBAKER, INDIVIDUALLY

After a careful inquiry and due diligence, I have been unable to effect personal service or substituted service upon

## DANI BRUBAKER, INDIVIDUALLY

The following attempts at service were made:

20 visits to **DANI BRUBAKER, INDIVIDUALLY** at :

| DATE & TIME | REMARKS: |
|---|---|
| 01/14/2013—03:47 PM | 415 Herondo, Apt, 141, Hermosa Beach, Ca 90254. – NO ANSWER AT LOCATION, NO NAMES ON CALL BOX, CANT SEE INTO LOCATION |
| 01/15/2013—02:47 PM | 2205 TENNYSON PLACE HERMOSA BEACH, CA. – BAD ADDRESS, NO SUCH ADDRESS LOCATED. STREET NUMBERS DO NOT MATCH |
| 01/15/2013—09:20 PM | 415 Herondo, Apt, 141, Hermosa Beach, Ca 90254. – NO ANSWER – NO LIGHTS, NO ANSWER AT NEIGHBORS |
| 01/16/2013—07:00 AM | 415 Herondo, Apt, 141, Hermosa Beach, Ca 90254. – NO ANSWER AT LOCATION |
| 01/17/2013—10:05 AM | 415 Herondo, Apt, 141, Hermosa Beach, Ca 90254. – NO ANSWER |
| 01/18/2013—07:45 AM | 415 Herondo, Apt, 141, Hermosa Beach, Ca 90254. – NO ANSWER |
| 01/19/2013—07:30 PM | 415 Herondo, Apt, 141, Hermosa Beach, Ca 90254. NO ANSWER – SPOKE WITH NEIGHBOR WHO STATED THAT SUBJECT WAS UNKNOWN |
| 01/20/2013—08:00 PM | 415 Herondo, Apt, 141, Hermosa Beach, Ca 90254. NO ANSWER – LEFT CALL BACK CARD |
| 01/22/2013—07:05 PM | 415 Herondo, Apt, 141, Hermosa Beach, Ca 90254. CALL BACK CARD STILL THERE, NO ANSWER |
| 01/24/2013—11:35 AM | 415 Herondo, Apt, 141, Hermosa Beach, Ca 90254. SPOKE WITH LEASING OFFICE – DANI MOVED OUT IN DEC OF 2011. NO FORWARDING ADDRESS ON FILE. |
| 01/25/2013—05:55 PM | |

2805 TENNYSON PLACE HERMOSA BEACH, CA – RESIDENTIAL ADDRESS – CAMERAS ON PROPERTY. NO ANSWER ON BOX

01/26/2013–04:52 PM    2805 TENNYSON PLACE HERMOSA BEACH, CA – SAME, NO RESPONSE

01/27/2013–07:05 AM    2805 TENNYSON PLACE HERMOSA BEACH, CA – SAME, NO RESPONSE – SPOKE WITH NEIGHBOR, HE HAD NO IDEA WHO LIVED HERE

01/29/2013–06:00 PM    2805 TENNYSON PLACE HERMOSA BEACH, CA – NO RESPONSE

01/30/2013–08:50 PM    2805 TENNYSON PLACE HERMOSA BEACH, CA – NO ANSWER

02/03/2013–11:05 AM    2805 TENNYSON PLACE HERMOSA BEACH, CA – NO ANSWER

02/05/2013–12:00 PM    2805 TENNYSON PLACE HERMOSA BEACH, CA – NO ANSWER

02/05/2013–07:21 PM    2805 TENNYSON PLACE HERMOSA BEACH, CA – NO ANSWER

02/06/2013–09:15 AM    2805 TENNYSON PLACE HERMOSA BEACH, CA – NO ANSWER

02/06/2013–09:10 PM    2805 TENNYSON PLACE HERMOSA BEACH, CA – NO ANSWER

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

X _____

RYAN LANCASTER – 7067
LAJEUNE INVESTIGATIONS
214 MAIN STREET, #342
EL SEGUNDO, CA  90245
310-892-6397
Our File# 26980

RECEIVED

MAR 1 4 2013

SOUTHWEST DISTRICT

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY:<br>Laurence C. Hall<br>THE HALL LAW CORPORATION<br>400 Continental Blvd., 6th Floor<br>El Segundo, CA 90245 | STATE BAR NUMBER<br>053681 | Reserved for Clerk's File Stamp |
| --- | --- | --- |

ATTORNEY FOR (Name): Plaintiff

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
825 Maple Avenue, Torrance, California 90503

PLAINTIFF:
Pili Marco, by and through her Guardian ad Litem, Tony Marco

DEFENDANT:
Dani Brubaker, et al.

| ORDER FOR PUBLICATION | CASE NUMBER:<br>YC 068263 |
| --- | --- |

IT IS ORDERED that the service of the summons, citation, notice of hearing, or DANI BRUBAKER

COMPLAINT AND SUMMONS _____ in this action be made upon defendant, respondent,

or citee DANI BRUBAKER _____ by publication thereof

in THE BEACH REPORTER _____ a newspaper of general circulation published

at 2615 Pacific Coast Highway Ste 329 Hermosa Beach, CA 90254 _____, California

and that said publication be made at least once a week for four successive weeks.

IT IS FURTHER ORDERED that a copy of said summons, citation, notice of hearing, or _____ and of said complaint or petition in this action be forthwith deposited in the United States Post Office, postage prepaid, directed to said defendant, respondent, or citee if his address is ascertained before expiration of the time prescribed for the publication of this summons, citation or notice of hearing. A declaration of this mailing, or of the fact that the address was not ascertained, must be filed at the expiration of the time prescribed for the publication.

Dated: _____

_____
Judicial Officer

LACIV 145 New (Rev. 01/07)
LASC Approved 03-04

**ORDER FOR PUBLICATION**

Code Civ. Proc., § 415.50

1    Laurence C. Hall (State Bar No. 053681)
     THE HALL LAW CORPORATION
2    A Professional Law Corporation
     400 Continental Blvd., Sixth Floor
3    El Segundo, California 90245
     Telephone:  (310) 426-2206
4    Facsimile:   (760) 398-4455

5    Attorneys for Plaintiff,
     PILI MARCO BY AND THROUGH HER
6    GUARDIAN AD LITEM TONY MARCO

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  FOR THE COUNTY OF LOS ANGELES

10

11   PILI MARCO BY AND THROUGH HER          :   Case No.: YC068263
     GUARDIAN AD LITEM, TONY MARCO          :   [Assigned for all purposes to the Hon. Stuart
12                                          :   M. Rice, Dept. B]
                    Plaintiffs,             :
13                                          :   Complaint filed:  December 6, 2012
     vs.                                    :
14                                          :   **NOTICE OF COURT'S NOTICE OF CASE**
     DANI BRUBAKER, individually, and       :   **REASSIGNMENT AND OF ORDER FOR**
15   DOES 1 through 20, inclusive           :   **PLAINTIFF TO GIVE NOTICE**
                                            :
16                  Defendants.             :
                                            :
17   _____    :

18

19   TO DEFENDANT AND HER ATTORNEYS OF RECORD:

20        **PLEASE TAKE NOTICE** that the Court has reassigned this matter to the

21   Honorable Judge Stuart M. Rice in Department B of the above named court.   Plaintiff is

22   ordered to give notice.  Attached hereto and incorporated herein as Exhibit "1" is a true

23   and correct copy of the court's notice.

24   ///

25   ///

1   DATED: April 5, 2013               THE HALL LAW CORPORATION

2

3                                      _____

4                                      LAURENCE C. HALL
                                       Attorneys for  Plaintiff,
5                                      PILI MARCO BY AND THROUGH HER
                                       GUARDIAN AD LITEM

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

EXHIBIT "1"

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

FILE STAMP

MAR 21 2013

~ A. Clarke, Executive Officer/Clerk

NOTICE SENT TO:

THE HALL LAW CORPORATION
HALL, LAURENCE C.
400 CONTINENTAL BLVD., SIXTH FLOOR
EL SEGUNDO        CA   90245

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| PILI MARCO (MINOR), ETC. | | **CASE NUMBER** |
| | Plaintiff(s), | YC068263 |
| VS. | | |
| DANI BRUBAKER, ET AL. | Defendant(s). | **Notice of Case Reassignment and of Order for Plaintiff to Give Notice** |

**TO THE PLAINTIFF(S) AND PLAINTIFF'S ATTORNEY OF RECORD or PLAINTIFF(S) IN PROPRIA PERSONA:**

YOU ARE HEREBY NOTIFIED that effective  April 9, 2013 , an order was made that the above-entitled action, previously assigned to  Laura C. Ellison , is now and shall be assigned to  Stuart M. Rice  as an Individual Calendar (IC), direct calendaring judge for all purposes, including trial, in Department  B . (See Chapter 7, Los Angeles Court Rules.) All matters on calendar in this case will remain set on the dates previously noticed, in the Department indicated above unless otherwise ordered by the court.

NOTICE IS FURTHER GIVEN that the order directs that plaintiff and counsel for the plaintiff shall give notice of this all purpose case assignment by serving a copy of this Notice on all parties to this action within 10 days of service of this Notice by the court, and file proof of service thereof within 12 days of this Notice.

### CLERK'S CERTIFICATE OF MAILING

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Reassignment and of Order for Plaintiff to Give Notice upon each party or counsel named above by depositing in the Unitied States mail at the courthouse in Torrance, California, one copy of the orginial filed/ entered herein in a separate envelope to each address as shown above with the postage thereon fully prepaid.

Dated:  March 21, 2013 

JOHN A. CLARKE, Executive Officer/
Clerk of the Superior Court

D. Beckles

By _____ ,Deputy

NOTICE OF CASE REASSIGNMENT AND OF ORDER FOR PLAINTIFF TO GIVE NOTICE

1

<u>PROOF OF SERVICE</u>

2

STATE OF CALIFORNIA, COUNTY OF RIVERSIDE

3

4

      I am employed in the County of Riverside, California. I am over the age of eighteen years and not a party to the within cause; my business address is 36856 Quasar Place, Murrieta, CA 92563.

5

6

7

      On April 5, 2013, I served the within following documents: **NOTICE OF COURT'S NOTICE OF CASE REASSIGNMENT AND OF ORDER FOR PLAINTIFF TO GIVE NOTICE** on the interested parties in said cause, by the placing true copies thereof enclosed in sealed envelopes addressed as follows:

8

9

Dani Brubaker
P.O. Box 363
El Segundo, CA 90245

10

11

12

13

**XX** **(CERTIFIED-First Class Mail)** I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Murrieta, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

14

15

___ (By Facsimile) The above-described document(s) were sent by facsimile transmission to the facsimile number(s) of the law offices) stated below. The transmission was reported as complete and without error.

16

17

___ BY FEDERAL EXPRESS.   (PRIORITY OVERNIGHT) I deposited such envelope in the Federal Express Depository at Murrieta, California. The envelope was mailed with postage thereon fully prepaid.

18

19

___ By Personal Service, I caused such envelope(s) to be delivered by hand to the individuals so indicated at the address listed.

20

21

      I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on <u>April 5, 2013</u>, at Murrieta, California.

22

_____
Becky Tucker

23

24

25

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

DANI BRUBAKER, individually, and DOES 1 through 20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

PILI MARCO BY AND THROUGH HER GUARDIAN AD LITEM, TONY MARCO

FOR COURT USE ONLY
*SOLO PARA USO DE LA CORTE*

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JAN 0 3 2013

John A. Clarke, Executive Officer/Clerk

By Lonelle M. Galindo, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* LOS ANGELES- SOUTHWEST DIST. | CASE NUMBER *(Número del Caso)* YC068263 |
|---|---|

825 Maple Avenue
Torrance, CA 90503

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Laurence C. Hall, The Hall Law Corporation, 400 Continental Blvd., 6th Flr., El Segundo, CA 90245  310- 426-2206

| DATE: *(Fecha)* JAN 0 3 2013 | JOHN A CLARKE Clerk, by *(Secretario)* L GALINDO , Deputy *(Adjunto)* |
|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. [✓] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

   under: [ ] CCP 416.10 (corporation)      [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov



1    Laurence C. Hall (State Bar No. 053681)
     **THE HALL LAW CORPORATION**
2    A Professional Law Corporation
     400 Continental Blvd., Sixth Floor
3    El Segundo, California 90245
     Telephone:   (310) 426-2206
4    Facsimile:    (760) 398-4455

5    Attorneys for Plaintiff,
     PILI MARCO BY AND THROUGH HER
6    GUARDIAN AD LITEM TONY MARCO

7

*CASE ASSIGNED FOR ALL PURPOSES TO LAURA C. ELLISON  Judge __ Dept. A Div.*

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

DEC 0 5 2012

John A. Clarke, Executive Officer/Clerk

L. Hicks, Deputy

NO SUMMONS ISSUED UPON FILING

8                 **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                          **FOR THE COUNTY OF LOS ANGELES**

10

11   PILI MARCO BY AND THROUGH HER       :   Case No.:     **YC068263**
     GUARDIAN AD LITEM, TONY MARCO
12                                       :   **COMPLAINT:**
            Plaintiffs,                  :
13                                       :   1. **MISAPPROPRIATION OF RIGHT OF**
     vs.                                 :      **PUBLICITY/RIGHT OF PRIVACY**
14                                       :      **(CALIFORNIA CIVIL CODE § 3344 RIGHT**
     DANI BRUBAKER, individually, and    :      **OF PUBLICITY;**
15   DOES 1 through 20, inclusive        :   2. **MISAPPROPRIATION OF COMMON LAW**
                                         :      **RIGHT OF PUBLICITY;**
16          Defendants.                  :   3. **RESCISSION**
                                         :   4. **FRAUD**
17                                       :   5. **BREACH OF FIDUCIARY DUTY**
                                         :
18   _____:   **DEMAND FOR JURY TRIAL**

19          Plaintiff PILI MARCO BY AND THROUGH HER GUARDIAN AD LITEM, TONY MARCO

20   ("Plaintiff") alleges:

21               <u>**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**</u>

22     1. Plaintiff Pili Marco ("Pili") is a minor whose date of birth is August 17, 2002, who at all

23        relevant times herein has and does reside with her parents, Mr. and Mrs. Tony Marco, at

24        5043 Rolling Meadows Lane, Rolling Hills, California 90274.  Pili and her parents have no

25        knowledge of publicity rights, copyright laws, and from 2006 to November 2012 lacked the

---

COMPLAINT
Page - 1

capacity to understand contracts and other legally binding documents regarding same.

2.  Plaintiff is informed and believes that Defendant Dani Brubaker ("Brubaker") resides in El Segundo, California and claims to be a professional photographer, specializing in portraits and in particular, children's portrait photography, with her principal office in El Segundo, California, but also alleges she is doing business throughout California, the United States and Europe (Dani Brubaker website: http://www.danibrubaker.com).

3.  Plaintiff is informed and believes and based thereon alleges that the fictitiously-named Defendants sued herein as Does 1 through 20, and each of them, are in some manner responsible or legally liable for the actions, events, transactions and circumstances alleged herein.  The true names and capacities of such factiously-named Defendants whether individual, corporate, or otherwise are presently unknown to Plaintiff, and Plaintiff will seek leave of court to amend this complaint to assert the true names and capacities of such fictitiously-named Defendants when the same have been ascertained. For convenience, each reference to a named Defendant herein shall also refer to Does 1 through 20.  All Defendants, including both the named Defendant and those referred to herein as Does 1 through 20, are collectively referred to herein as "Defendants."

4.  Plaintiff is informed and believes and based thereon alleges that Defendants, and each of them, were and are the agents, licensees, employees, partners, joint-venturers, co-conspirators, owners, principals, and employers of the remaining Defendants, and each of them are, and at all times herein mentioned were, acting within the course and scope of that agency, license, partnership, employment, conspiracy, ownership, or joint venture, which Plaintiff is informed and believes is a two pronged plan and scheme to monetize for Defendants' own benefit, at the expense of innocent and naïve children and their unsophisticated parents, by acquiring without any or just consideration, by misrepresentation and by concealment, children's, such as Plaintiff's, publicity rights,

images, photographs and likenesses under the guise of being their "modeling manager." Defendants' plan and scheme allowed Defendants to derive any and all benefit from these children's, such as Plaintiff's, wrongfully acquired, publicity rights, images, photographs, likenesses, including damages for alleged copyright infringement without compensation or payment to Plaintiff and other children similarly situated.

5. Plaintiff is informed and believes and based thereon allege that the acts and conduct herein alleged herein alleged of each of the Defendants were known to, authorized by, and/or ratified by the other Defendants, and each of them.

6. At a time well known to Defendant Brubaker, but only generally recalled by Plaintiff, as the end of July 2006, at a time when Plaintiff was barely 4 years old, had no legal representation, at a time when her parents had no legal training, background or expertise and no lawyer, Defendant Brubaker, totally unsolicited by Plaintiff or her parents, approached Plaintiff and her family at the Los Angeles International Airport. After complimenting and commenting upon Plaintiff's appearance, Defendant Brubaker promised to be Plaintiff's "modeling manager"; promised to guide her promising modeling career, which she said she had allegedly done numerous times in the past for young children, by taking professional quality portrait photographs and submitting them for publication and profit with Defendant Brubaker to receive 20%. Defendant Brubaker continued to make such representations to Plaintiff and her parents, steering Plaintiff and her parents to a "modeling agency" in the San Diego area for casting calls known as "Jet Set".

7. Shortly after their first meeting, without obtaining Plaintiff's consent or permission, presenting only a document at an unknown time to Plaintiff, which Defendant Brubaker stated was necessary for her to become Plaintiff's modeling manager, Defendant Brubaker began taking professional portrait photographs of Plaintiff, not for Plaintiff's

benefit, but for Defendant Brubaker's profit and gain.

8. Defendants did not ask for or receive Plaintiff's permission to use her images, likenesses, photographs or her publicity rights or privacy rights.

9. Plaintiff is informed and believes that Defendants used and continues to use Plaintiffs' photographs, images, likenesses, publicity rights and privacy rights (collectively, "Plaintiffs' Rights") for Defendants' own profit and gain.

10. At no time did Plaintiff ever knowingly give permission to Defendants, or any of them, to use Plaintiffs' Rights.  If Defendants contend such consent and permission was given by Plaintiff, any such consent or permission was obtain under false pretenses, by misrepresentation, by concealment, by fraudulent inducement, by taking advantage of Plaintiff's and her parents' lack of legal sophistication, naïveté, and gullible nature, at a time when Plaintiff and her parents had no legal representation, were not told by Defendants that they needed legal representation, or without any explanation of the value of Plaintiff's Rights and during a time when Defendants were in fact legally sophisticated in publicity rights, privacy rights and represented by skilled legal professionals and knowledgeable as to those rights and values.

11. Plaintiff has not received any or just compensation for such unauthorized commercial use of Plaintiffs' Rights while at the same time Plaintiff is informed and believes that Defendants have received and continue to receive such compensation and is in fact asserting that just six images of Plaintiff are worth hundreds of thousands of dollars, if not millions of dollars.

12. Plaintiff is informed and believes and based thereon alleges that Defendants intentionally, negligently and/or knowingly used Plaintiff's' Rights for Defendants' own profit and gain.

13. Defendants are liable to Plaintiff for the infringement of her publicity rights, privacy rights and related rights. Pursuant to this lawsuit, Plaintiff seeks statutory damages,

compensatory damages, general damages, punitive damages, reimbursement of her attorney's fees and costs, and a preliminary and permanent injunction to stop all further use of Plaintiff's images, likenesses, photographs and other rights of publicity rights, privacy rights, as well as a return of all images, likenesses and photographs.

## <u>FIRST CAUSE OF ACTION</u>

### <u>(Misappropriation of Right of Privacy / Right of Publicity</u>

### <u>California Civil Code §3344 – Against All Defendants)</u>

14. Plaintiff repeats, re-alleges, adopts and incorporates each and every allegation contained in paragraphs 1 through 13, as though fully set forth herein.

15. The conduct of the Defendants as alleged hereinabove constitutes a violation of §3344 of the California Civil Code due to the knowing and unauthorized use of Plaintiff's Rights for commercial purposes.

16. As a direct and legal result of the aforesaid wrongful acts of Defendants, Plaintiff has been damaged in an amount that is not yet fully ascertainable pursuant to §3344 of the California Civil Code, but which exceeds the jurisdictional minimum of this Court.

17. Plaintiff is informed and believe and based thereon allege that Defendants, in doing the things herein alleged, acted willfully, maliciously, and oppressively, and with full knowledge of the adverse effects of their actions on Plaintiffs, and with willful and deliberate disregard for the consequences to Plaintiff. By reason thereof, Plaintiff is entitled to recover punitive and exemplary damages from Defendants in an amount to be determined at the time of trial.

18. Plaintiff also seeks a preliminary and permanent injunction to prohibit Defendants from any further commercial use of Plaintiffs' Rights and the return of all images, photographs and likenesses of Plaintiff.

///

## SECOND CAUSE OF ACTION

## (Misappropriation of Common Law Right of Privacy /

## Right of Publicity - Against All Defendants)

19. Plaintiff repeats, re-alleges, adopts and incorporates each and every allegation contained in paragraphs 1 through 13, 15 and 16, as though fully set forth herein.

20. The conduct of Defendants, as alleged hereinabove, constitutes a violation of Plaintiff's common law rights of publicity and rights of privacy, due to the unauthorized use of Plaintiff's Rights for Defendants' advantage.

21. As a direct and proximate result of the aforesaid wrongful acts of Defendants, Plaintiff has been damaged in an amount that is not yet fully ascertainable, but which exceeds the jurisdictional minimum of this Court.

22. Plaintiff is informed and believe and based thereon allege that Defendants, in doing the things herein alleged, acted willfully, maliciously, and oppressively, and with full knowledge of the adverse effect of their actions on Plaintiff and with willful and deliberate disregard for the consequences to Plaintiff.  By reason thereof, Plaintiff is entitled to recover punitive and exemplary damages from Defendants in an amount to be determined at the time of trial.

23. Plaintiff also seeks a preliminary and permanent injunction to prohibit Defendants from any further use of Plaintiff's Rights for Defendants' advantage and return of all images, photographs and likenesses of Plaintiff.

## THIRD CAUSE OF ACTION

## (Rescission: California Civil Code §1689(b) Against All Defendants)

24. Plaintiff repeats, re-alleges, and incorporates each and every allegation contained in paragraphs 1 through 13, 15, 16, 20, and 21 as though fully set forth herein.

25. Plaintiff gives notice that she seeks rescission of any purported or alleged agreement,

writing or contract that Defendants claim gives them any rights whatsoever to Plaintiff's Rights, images, photographs or likenesses of Plaintiff taken by Defendants or by any others.

26. Plaintiffs are informed and believe that Defendants claim to have obtained a writing giving them any rights whatsoever to Plaintiff's Rights, images, photographs or likenesses of Plaintiff taken by Defendants or others.

27. At a date unrecalled by Plaintiffs but well known to Defendants, such a writing was obtained by: 1. without Plaintiff or her parents' understanding of the legal consequences of said writing; 2. was obtained by false representation and concealment that said writing was necessary for Defendant Brubaker to be Plaintiff's modeling manager to guide her modeling career.

28. In fact, Defendant Brubaker knew that the purpose of said writing was to deprive Plaintiff of her Rights for Defendant Brubaker's own advantage, profit and gain. Defendant Brubaker knew her representation was false when made.

29. Plaintiff and her parents justifiably relied on Defendant Brubaker's representation. The effect of Defendant Brubaker's representation was that Plaintiff and her parents entered into any writing giving Defendants any rights whatsoever to Plaintiff's Rights or images, photographs or likenesses of Plaintiff taken by Defendants or by any others and without said representation Plaintiff and her parents would not have signed said writing. As a result said writing must be rescinded.

30. There was a unilateral mistake by Plaintiff and her parents when signing into any writing giving Defendants any rights whatsoever to Plaintiff's Rights, images, photographs or likenesses of Plaintiff taken by Defendants as Plaintiff and her parents had no knowledge of what they were signing, believing what Defendant Brubaker had told them, that said document only allowed Defendant Brubaker to become Plaintiff's modeling manager.

There was no negotiation for rights and compensation. Plaintiff and her parents were not given any choice before signing said alleged writing. Defendant Brubaker never explained the legal and financial consequences of signing any alleged writing giving Defendants any rights whatsoever to Plaintiff's Rights, images, photographs or likenesses of Plaintiff taken by Defendants or others, the enforcement of which would cause an overly harsh result, that is completely one sided without adequate consideration.

31. Any alleged writing giving Defendants any rights whatsoever to Plaintiff's Rights, images, photographs or likenesses of Plaintiff taken by Defendants or others, the enforcement of which would cause an overly harsh result, that is completely one sided without adequate consideration is substantively unconscionable and cannot, and is unenforceable.

32. Any alleged writing giving Defendants any rights whatsoever to Plaintiff's Rights, images, photographs or likenesses of Plaintiff taken by Defendants or others, the enforcement of which would cause an overly harsh result, that is completely one sided without adequate consideration in exchange for the true value of said rights, which Defendant Brubaker and Does 1 through 20 claim are worth hundreds of thousands of dollars if not millions of dollars, is unenforceable.

33. As a result said writing must be rescinded.

## FOURTH CAUSE OF ACTION

### (Fraud Against All Defendants)

34. Plaintiff repeat, re-allege, adopt and incorporate each and every allegation contained in paragraphs 1 through 33, as though fully set forth herein.

35. At a time when Plaintiff was barely 4 years old, and her parents had no legal representation, and no legal training, background or expertise, Defendant Brubaker, promised to be Plaintiff's "modeling manager"; promised to guide her promising modeling career, which she said she had allegedly done numerous times in the past for young

children, by taking professional quality portrait photographs and submitting them for publication and profit with Defendant Brubaker to receive 20%. Defendant Brubaker continued to make such representations to Plaintiff and her parents, steering Plaintiff and her parents to a "modeling agency" in the San Diego area for casting calls known as "Jet Set".

36. Shortly after their first meeting, without obtaining Plaintiff's consent or permission, presenting only a document at an unknown time to Plaintiff, which Defendant Brubaker stated was necessary for her to become Plaintiff's modeling manager, Defendant Brubaker began taking professional portrait photographs of Plaintiff, not for Plaintiff's benefit, but for Defendant Brubaker's profit and gain.

37. At a date unrecalled by Plaintiffs but well known to Defendants, such a writing was obtained by: 1. without Plaintiff or her parents' understanding of the legal consequences of said writing; 2. was obtained by false representation and concealment that said writing was necessary for Defendant Brubaker to be Plaintiff's modeling manager to guide her modeling career.

38. In fact, Defendant Brubaker knew that the purpose of said writing was to deprive Plaintiff of her Rights for Defendant Brubaker's own advantage, profit and gain. Defendant Brubaker knew her representation was false when made.

39. Plaintiff and her parents justifiably relied on Defendant Brubaker's representation. The effect of Defendant Brubaker's representation was that Plaintiff and her parents entered into any writing giving Defendants any rights whatsoever to Plaintiff's Rights or images, photographs or likenesses of Plaintiff taken by Defendants or by any others and without said representation Plaintiff and her parents would not have signed said writing. As a result said writing must be rescinded.

40. Defendants conduct as described herein was done with a conscious disregard of the

rights of Plaintiff, with the intent to unjustly profit at the expense of Plaintiff. Such conduct was unauthorized and constitutes oppression, fraud, and or malice under California Civil Code §3294, entitling Plaintiff to an award of punitive damages in an amount to punish or set an example of Defendants in an amount to be determined.

### FIFTH CAUSE OF ACTION

### (Breach of Fiduciary Duty Against All Defendants)

41. Plaintiff repeat, re-allege, adopt and incorporate each and every allegation contained in paragraphs 1 through 40, as though fully set forth herein.

42. Defendant Brubaker promised to be Plaintiff's modeling manager in exchange for receiving 20% of the funds received from Plaintiff's Rights, photographs, images and likeness. Plaintiff and her parents accepted and relied upon Defendant Brubaker's promises, placing confidence and trust in Defendant Brubaker. As a result of Plaintiff's age and her parents' naïveté, gullibility and lack of legal sophistication, Plaintiff and her parents were vulnerable to Defendant Brubaker's influence.

43. Defendant Brubaker owed Plaintiff a fiduciary duty to act in Plaintiffs best interest, to be loyal to Plaintiff, to not withhold material information from Plaintiff and her parents and a duty to avoid/disclose any conflicts of interest. Defendants breached their fiduciary duties to Plaintiff and acted in Defendants' best interests for their own financial profit and gain.

44. As a legal result of Defendants' breaches of Defendants' fiduciary duties, Plaintiff has been damaged in an amount that is in excess of the minimum jurisdiction of the Superior Court.

45. Defendants' conduct as described herein was done with a conscious disregard of the rights of Plaintiff, with the intent to unjustly profit at the expense of Plaintiff. Such conduct was unauthorized and constitutes oppression, fraud, and or malice under California Civil Code §3294, entitling Plaintiff to an award of punitive damages in an amount to punish or

1    set an example of Defendants in an amount to be determined.

2                                    **PRAYER**

3        **WHEREFORE**, Plaintiffs pray for judgment against Defendants, and each of them, jointly

4    and severally, as follows:

5    1.    General and special damages in accordance with proof at trial,

6    2.    Statutory damages as allowed, including but not limited to Civil Code §3345.

7    3.    Rescission;

8    4.    Prejudgment and post judgment interest as allowed under the law at the maximum legal

9    rate;

10   5.    Punitive damages in an amount according to proof at the time of trial;

11   6.    An award of Plaintiff's attorneys' fees as allowed under California law;

12   7.    Preliminary and permanent injunction prohibiting Defendants and their affiliated

13   companies from any further commercial use of Plaintiff's rights of publicity and privacy, including

14   Plaintiff's names, photographs, likenesses, and images as well as a return of all photographs,

15   likenesses and images of Plaintiff.

16   8.    For all costs of suit incurred herein; and

17   9.    For such other and further relief as the Court may deem to be just and proper.

18   DATED: December 4, 2012                THE HALL LAW CORPORATION

19

20   _____

21                                          LAURENCE C. HALL
                                            Attorneys for Plaintiff,
22                                          PILI MARCO BY AND THROUGH HER
                                            GUARDIAN AD LITEM

23   ///

24   ///

25

1

## DEMAND FOR JURY TRIAL

2

     Plaintiff hereby demands a jury trial.

3

DATED: December 4, 2012                    THE HALL LAW CORPORATION

4

5

6

_____
LAURENCE C. HALL
Attorneys for Plaintiff,
PILI MARCO BY AND THROUGH HER
GUARDIAN AD LITEM

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

CIV-010

| ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Laurence C. Hall, SBN 053681<br>THE HALL LAW CORPORATION<br>400 Continental Blvd., 6th Floor<br>El Segundo, CA 90245<br>TELEPHONE NO.: 310-426-2206    FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*:  Plaintiff, PILI MARCO | CONFORMED COPY<br>OF ORIGINAL FILED<br>Los Angeles Superior Court<br><br>JAN 0 3 2013<br><br>John A. Clarke, Executive Officer/Clerk<br><br>By Lanelle M. Calindo, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 825 Maple Avenue
MAILING ADDRESS:
CITY AND ZIP CODE: Torrance, Ca 90503
BRANCH NAME: SOUTHWEST DISTRICT

PLAINTIFF/PETITIONER:  PILI MARCO

DEFENDANT/RESPONDENT:  DANI BRUBAKER

| APPLICATION AND ORDER FOR APPOINTMENT<br>OF GUARDIAN AD LITEM—CIVIL<br>☐ EX PARTE | CASE NUMBER:<br>YC068263 |
|---|---|

**NOTE: This form is for use in civil proceedings in which a party is a minor, an incapacitated person, or a person for whom a conservator has been appointed. A party who seeks the appointment of a guardian ad litem in a family law or juvenile proceeding should use form FL-935. A party who seeks the appointment of a guardian ad litem in a probate proceeding should use form DE-350/GC-100. An individual cannot act as a guardian ad litem unless he or she is represented by an attorney or is an attorney.**

1. Applicant *(name)*: TONY MARCO                                      is
   a. ☑ the parent of *(name)*:  PILI MARCO
   b. ☐ the guardian of *(name)*:
   c. ☐ the conservator of *(name)*:
   d. ☐ a party to the suit
   e. ☐ the minor to be represented *(if the minor is 14 years of age or older)*.
   f. ☐ another interested person *(specify capacity)*:

2. This application seeks the appointment of the following person as guardian ad litem *(state name, address, and telephone number)*:
   TONY MARCO
   5043 Rolling Meadows Lane, Rolling Hills, California 90274

3. The guardian ad litem is to represent the interests of the following person *(state name, address, and telephone number)*:
   PILI MARCO
   5043 Rolling Meadows Lane, Rolling Hills, California 90274

4. The person to be represented is:
   a. ☑ a minor *(date of birth)*:  August 17, 2002
   b. ☐ an incompetent person.
   c. ☐ a person for whom a conservator has been appointed.

5. The court should appoint a guardian ad litem because:
   a. ☑ the person named in item 3 has a cause or causes of action on which suit should be brought *(describe)*:
      Misappropriation of publicity right under Cal. Civ. Code Sec.3344 & the common law, rescission, fraud and breach of fiduciary duty.

   ☐ Continued on Attachment 5a.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CIV-010 [Rev. January 1, 2008] | **APPLICATION AND ORDER FOR APPOINTMENT<br>OF GUARDIAN AD LITEM—CIVIL** | Code of Civil Procedure,<br>§ 372 et seq. |
|---|---|---|

CIV-010

| PLAINTIFF/PETITIONER: PILI MARCO | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: DANI BRUBAKER | |

5. b. ☐ more than 10 days have elapsed since the summons in the above-entitled matter was served on the person named in item 3, and no application for the appointment of a guardian ad litem has been made by the person identified in item 3 or any other person.

   c. ☐ the person named in item 3 has no guardian or conservator of his or her estate.

   d. ☑ the appointment of a guardian ad litem is necessary for the following reasons *(specify)*:

       Plaintiff is a minor.

       ☐ Continued on Attachment 5d.

6. The proposed guardian ad litem's relationship to the person he or she will be representing is:
   a. ☑ related *(state relationship)*: Daughter
   b. ☐ not related *(specify capacity)*:

7. The proposed guardian ad litem is fully competent and qualified to understand and protect the rights of the person he or she will represent and has no interests adverse to the interests of that person. *(If there are any issues of competency or qualification or any possible adverse interests, describe and explain why the proposed guardian should nevertheless be appointed)*:

   ☐ Continued on Attachment 7.

LAURENCE C. HALL
   (TYPE OR PRINT NAME)
   ▶
      (SIGNATURE OF ATTORNEY)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date: December 19, 2012

TONY MARCO
   (TYPE OR PRINT NAME)
   ▶
      (SIGNATURE OF APPLICANT)

## CONSENT TO ACT AS GUARDIAN AD LITEM

I consent to the appointment as guardian ad litem under the above petition.
Date: December 19, 2012

TONY MARCO
   (TYPE OR PRINT NAME)
   ▶
      (SIGNATURE OF PROPOSED GUARDIAN AD LITEM)

## ORDER ☑ EX PARTE

THE COURT FINDS that it is reasonable and necessary to appoint a guardian ad litem for the person named in item 3 of the application, as requested.

THE COURT ORDERS that *(name)*: X tony Marco
is hereby appointed as the guardian ad litem for *(name)*: X pili Marco
for the reasons set forth in item 5 of the application.
Date: JAN 03 2013

     MARK C. ARNOLD
           JUDICIAL OFFICER
     ☐ SIGNATURE FOLLOWS LAST ATTACHMENT

CIV-010 [Rev. January 1, 2006]

**APPLICATION AND ORDER FOR APPOINTMENT OF GUARDIAN AD LITEM—CIVIL**

Page 2 of 2

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

DEC 11 2012

John A. Clarke, Executive Officer/Clerk

By H. Garcia, Deputy

NOTICE SENT TO:

THE HALL LAW CORPORATION
HALL, LAURENCE C.
400 CONTINENTAL BLVD., SIXTH FLOOR
EL SEGUNDO        CA  90245

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | CASE NUMBER |
|---|---|---|
| PILI MARCO  (MINOR) | Plaintiff(s), | YC068263 |
| VS. | | |
| DANI BRUBAKER | Defendant(s). | **ORDER TO SHOW CAUSE HEARING** |

To the party/attorney of record: **LAURENCE C. HALL**

You are ordered to appear for an Order to Show Cause Hearing on February 20, 2013 at 8:30 am in Dept. SW A of this court, Southwest District, 825 Maple Avenue, Torrance, California 90503, and show cause why sanctions should not be imposed for:

### FAILURE TO PROSECUTE CASE

Failure to comply or appear may result in sanctions, pursuant to one or more of the following: California Rules of Court, rule 2.30, and rule 3.1340; Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.310, 583.360, 583.410, 583.420, 583.430; and Government Code section 68608.

[✓] To avoid a mandatory appearance all required documents must be filed in [ ] this Dept [✓] Clerk's Office, Room _100_ at least 5 court days prior to the date of the hearing.

[ ] The Court may infer from your failure to appear that possession of the premises is no longer at issue, and that your case is not entitled to preference in setting pursuant to Code of Civil Procedure section 1179a.

[✓] You are ordered to give notice of said hearing forthwith to any party served with summons and complaint prior to OSC Hearing and file a Proof of Service in this department or Clerk's Office at least 5 court days prior to the date of the hearing.

Dated: December 11, 2012

LAURA C ELLISON
_____
Judicial Officer

## CERTIFICATE OF MAILING

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Order to Show Cause Hearing upon each party or counsel named above by depositing in the United States mail at the courthouse in Torrance, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown above with the postage thereon fully prepaid.

Date: December 11, 2012

John A. Clarke, EXECUTIVE OFFICER/CLERK

By  HORTENCIA GARCIA _____, Deputy Clerk

ORDER TO SHOW CAUSE HEARING

LACIV 166-11 (Rev. 09/08)
LASC Approved 06-04

LASC Local Rules, Chapter 7
Cal. Rules of Court, rule 2.30

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF LOS ANGELES

DEC 0 5 2012

John A. Clarke, Executive Officer/Clerk

COURTHOUSE ADDRESS: Southwest District   825 Maple Ave., Torrance, Ca  90503

L. Hicks, Deputy

PLAINTIFF: *Marco et al*

DEFENDANT: *Brubaker et al*

CASE NUMBER: **YC068263**

### NOTICE OF CASE MANAGEMENT CONFERENCE

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

Date: 5-14-13    Time: 8:30am    Dept.: A

NOTICE TO DEFENDANT:  THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 7.13, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: 12-5-12

**LAURA C. ELLISON**
Judicial Officer

---

### CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☐ by depositing in the United States mail at the courthouse in _____, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☑ by personally giving the party notice upon filing of the complaint.

JOHN A. CLARKE, Executive/Officer Clerk

By _____ Deputy Clerk     L. HICKS

Dated: 12-5-12

LACIV 132 (Rev. 09/07)
LASC Approved 10-03

### NOTICE OF
### CASE MANAGEMENT CONFERENCE

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter Seven